564 A.2d 241

**Robert MOSIER, Appellant,**

v.

**Carol McCAUGHTRY, Appellee.**

Superior Court of Pennsylvania.

Submitted May 22, 1989.

Filed Sept. 20, 1989.

John F. Spataro, Asst. Dist. Atty., Meadville, for Mosier, appellant.

Joan D. Mason, Meadville, for appellee.

Before DEL SOLE, KELLY and MONTGOMERY, JJ.

DEL SOLE, Judge:

This is an appeal from a trial court order vacating an order requiring the payment of arrearages in the child support owed by Carol McCaughtry, Appellee, to Robert Mosier, Appellant. We find that the trial court erred in vacating the order concerning the arrearages and remand for a new hearing.

Mosier and McCaughtry were married and then separated. The couple had one child during that marriage, Karin. Initially, Mosier was awarded primary custody of Karin. A consent agreement was entered into and McCaughtry agreed to pay Mosier $30.00 a week for child support. Later, McCaughtry received an order from the trial court which allowed for the accumulation of arrearages at the rate of $30.00 per week while she attended graduate school. The intention of the parties was to have McCaughtry pay off the arrearages at the rate of $15.00 per week once her studies ended. The total accumulation of arrearages is $3000.00.

Two years later, McCaughtry received primary custody of Karin. McCaughtry filed a petition for support against Mosier. The trial court ordered both parties to each pay 50% of Karin's uninsured medical, dental, prescription and optometric expenses. Payment of any of these expenses was conditioned on the approval of both parties. Mosier was also ordered to pay McCaughtry $50.00 per week for child support. Mosier paid the support as ordered. McCaughtry never paid the arrearages of $3000.00 to Mosier despite the fact that she finished her graduate studies and is now making $42,000.00 a year.

This appeal stems from McCaughtry's most recent petition to modify. McCaughtry stated that because she had paid Karin's parochial school tuition and intended to pay

Karin's psychiatric bills, those expenses should completely offset her obligation to repay the arrearages to Mosier. The hearing officer found that those expenses were of no relevance to the arrearages. Later, a judgment was entered against McCaughtry in the amount of $3000.00. (In another petition to modify filed at the same time by McCaughtry, the hearing officer held that private school should be paid for by the parent putting the child into the school and that counselling expenses should be divided equally between the parents.) McCaughtry filed a request for a hearing before the trial court. One year later, after granting a continuance to McCaughtry, the trial court held a *de novo* hearing which included testimony from both parties.

The trial court ruled McCaughtry's expenses for tuition and psychiatric bills for Karin offset the arrearages owed to Mosier. The court ordered the arrearages to be vacated and removed from the record. It then declared the case to be terminated. Mosier raises five issues on appeal. We reach only the first two and vacate the order and remand this case back to the trial court.

Mosier's first two issues are that the trial court did not have jurisdiction to vacate the arrearages and that it abused its discretion when it did so. The applicable statute, 23 Pa.C.S.A. § 4352 reads:

(a) General Rule—The court making an order of support shall at all times maintain jurisdiction of the matter for the purpose of enforcement of the order and for the purpose of increasing, decreasing, modifying or rescinding the order without limiting the right of the obligee to institute additional proceedings for support in any county in which the obligor resides or in which property of the obligor is situated.

.     .     .     .     .

(d) Retroactive modification of arrears—No court shall modify or remit any support obligation, on or after the date it is due, except with respect to any period during

which there is pending a petition for modification. If a petition for modification was filed, modification may be applied to the period beginning on the date that notice of such petition was given, either directly or through the appropriate agent, to the obligee or, where the obligee was the petitioner, to the obligor.

(As amended, effective March 25, 1988).

■■■■ Read together, these sections mean that a court which makes a support order shall retain jurisdiction at all times for the purpose of modifying that order. But a court shall not have jurisdiction to modify arrearages which have accumulated prior to the filing of the petition to modify.[1] In the present case, the trial court did not have jurisdiction to modify the arrearages which McCaughtry accumulated prior to the filing of her most recent petition to modify.

This does not mean, however, that the trial court lacks jurisdiction to offset the $3000.00 that McCaughtry owes to Mosier by another method. It simply means that the trial court cannot modify the arrearages which were owed by McCaughtry long before she filed her petition to modify. The statute quoted above includes the recent amendments made by the General Assembly in this area of the law. This court has found the new law to be both strict and stringent in dealing with arrears and their modifiability. *Haley v. Haley*, 379 Pa.Super. 323, 549 A.2d 1316 (1988). Our reading of the statute today is in line with the General Assembly's intention of making arrears more difficult to vacate or modify.

1. Exceptions to this general rule can be found in second part of 23 Pa.C.S.A. § 4352(d) which reads:
   However, modification may be applied to an earlier period if the petitioner was precluded from filing a petition for modification by reason of a significant physical or mental disability, misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition. In the case of an emancipated child, arrears shall not accrue from and after the date of the emancipation of the child for whose support the payment is made.
   None of these exceptions are applicable to the present case.

■ However, the trial court continues to retain jurisdiction over the parties in this case. When reviewing support cases, if a support order is supported by competent evidence, this court will not reverse the order absent an abuse of discretion by the trial court. *Fitchorn v. Fitchorn,* 368 Pa.Super. 305, 533 A.2d 1388 (1987). Such abuse exists where there is insufficient evidence to sustain the award or order. *Shutter v. Reilly,* 372 Pa.Super. 251, 539 A.2d 424 (1988).

■ In the present case, we find that the evidence admitted by the trial court during the hearing was insufficient to sustain the discharge of the arrearages by affecting McCaughtry's expenditures. The trial court heard testimony concerning the amount McCaughtry paid for Karin's extra expenses. There were no bills or receipts entered into evidence to support her statements. If such expenses are to be used to offset the McCaughtry's payment of arrearages, then it must be shown that such expenses existed and that Mosier was responsible for a portion of them. The parents' agreement to divide equally Karin's uninsured medical expenses was conditioned upon the approval of the expenses by both parents. Mosier testified at the hearing that he disapproved of putting Karin in a parochial school. He also testified that he did not know she was receiving psychiatric care until he began to be billed for the care.

On remand, the trial court must hear evidence regarding Mosier's duty, if any, to contribute to his daughter's parochial school and psychiatric expenses. The court may then decide that Mosier should pay his share of these expenses to McCaughtry while McCaughtry pays him the accumulated arrearages. Or the trial court may decide that these payments should offset each other. Whatever the trial court decides, it must first conduct a full evidentiary hearing before it determines what should be paid and what should be offset.

Order vacated and remanded. Jurisdiction relinquished.