594 A.2d 708

Carole A. CALLOWAY, Appellant,

v.

Thomas W. CALLOWAY.

Superior Court of Pennsylvania.

Argued June 12, 1991.

Filed July 25, 1991.

Rebecca Nelson Tortorici, York, for appellant.

William H. Poole, Jr., York, for appellee.

Before CIRILLO, TAMILIA and HESTER, JJ.

TAMILIA, Judge:

This is an appeal from the August 22, 1990, Order dismissing appellant's petition for contempt from a previous Order of support, and suspending the Order of support retroactive to January 10, 1989.

Appellant, Carole Calloway, applied for child support by filing a complaint against appellee, Thomas Calloway, on April 8, 1982. On May 12, 1982, appellee acknowledged paternity of the children involved and a support Order for those children was entered. On March 19, 1986, after two petitions for amendment were filed by appellee, he was ordered to pay $105 per week for the support of his five children. At the time this Order was entered against appellee, he was employed full-time at the Cole Steel Corporation. On January 10, 1989, he was placed on medical leave because of hip problems and eventually had a hip replacement operation. While on leave, his medical benefits were $155 per week, and while on such benefits, he continued his part-time painting business. When Cole learned of this, they fired appellee. He filed a grievance through his union but did not prevail. Appellee appealed, but before there could be a disposition of his appeal, Cole went out of business. Hence, it is impossible for the appellee to be reinstated. Appellee has claimed consistently that under the circumstances his firing was unjustified.

Since his firing, appellee has been conducting his painting business but is barely making enough money on which to live. His $155 per week medical benefits were consumed by reasonable living expenses. Currently, appellee is materially restricted in his job alternatives because of his physical condition.

On August 22, 1990, a hearing was held to determine if appellee was in contempt of court for failing to pay support for his five children. The court held the appellee was not in

contempt of court, and at the request of appellee, suspended the support Order retroactive to January 10, 1989. The court found although appellee was not faultless in failing to notify Cole before resuming his painting business, appellee did not act in bad faith sufficient to have that fact held against him and, under the circumstances, suspension of the support Order was reasonable.

Appellant now argues the trial court abused its discretion by retroactively suspending the Order of support when it lacked jurisdiction to do so because appellee had not filed a petition to modify the existing Order. In this contention, appellant is correct.

■ Our scope of review in child support cases is limited. It is within the trial court's discretion to determine the parameters of a support Order, and its judgment should not be disturbed absent a clear abuse of discretion. *Meltzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984). Such abuse exists where there is insufficient evidence to sustain the Order. *Dechter v. Kaskey*, 379 Pa.Super. 45, 549 A.2d 588 (1988); *Shutter v. Reilly*, 372 Pa.Super. 251, 539 A.2d 424 (1988).

■ Unquestionably, the court had it within its discretion to dismiss the contempt action as contempt is founded on failure to comply with a valid support Order but also requires a finding of present ability to pay. Contempt in support actions is governed by 23 Pa.C.S. § 4345, **Contempt for noncompliance with support order,** providing for punishment by jail or fine, and procedurally by Pa.R.C.P. 1910.-21, **Civil Contempt.** Here, the court made findings of fact that during the period in question, appellee was unemployed, or marginally employed, and lacked the ability to pay. His present situation was such that he was unable to pay toward the arrearages and, therefore, the court was unable to impose a contempt Order, since there was no basis upon which the appellee could purge himself of a civil contempt. Civil contempt by its nature is curative and not punitive; therefore, the inability to impose an Order which

the appellee could fulfill required that the petition for civil contempt be dismissed.

The court, however, exceeded its authority in suspending the Order retroactive to January 10, 1989. Unquestionably, the court had continuing jurisdiction over the support Order, pursuant to 23 Pa.C.S. § 4352, **Continuing jurisdiction over support orders,** which provides as follows:

> **(a) General rule.**—The court making an order of support shall at all times maintain jurisdiction of the matter for the purpose of enforcement of the order and for the purpose of increasing, decreasing, modifying or rescinding the order without limiting the right of the obligee to institute additional proceedings for support in any county in which the obligor resides or in which property of the obligor is situated. A method shall be developed for the automatic review of each order of support at least once every three years from the date of establishment or the most recent review, for the purpose of making any appropriate increase, decrease, modification or rescission of the order. If, however, it is determined that such a review would not be in the best interests of the child and neither parent has requested a review in the interim, no review shall be required.

*Id.* However, this jurisdiction may not be exercised in a vacuum and a proceeding on one facet of a support action such as a contempt matter, or visitation or custody proceedings may not be a basis for remitting arrearages by entering a retroactive modification of the support Order. While the Act requires a means for automatic review every three years from date of the Order or the most recent review for purpose of modification or rescission, no review is required if it is not requested in the interim. Retroactive modification of a support Order is not permitted on or after the date it is due except during the period pending a petition for modification. *Mosier v. McCaughtry,* 387 Pa.Super. 405, 564 A.2d 241 (1989) (a court does not have jurisdiction to modify accumulated arrearages before a petition to modify

is filed).  Under certain conditions, the statute does provide for modification for an earlier period than the date of the petition if for some reason petitioner was precluded from filing a petition.  Section 4352(e) provides as follows:

> **(e) Retroactive modification of arrears.**—No court shall modify or remit any support obligation, on or after the date it is due, except with respect to any period during which there is pending a petition for modification. If a petition for modification was filed, modification may be applied to the period beginning on the date that notice of such petition was given, either directly or through the appropriate agent, to the obligee or, where the obligee was the petitioner, to the obligor.  However, modification may be applied to an earlier period if the petitioner was precluded from filing a petition for modification by reason of a significant physical or mental disability, misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition.  In the case of an emancipated child, arrears shall not accrue from and after the date of the emancipation of the child for whose support the payment is made.

*Id.*

▇▇▇▇ To avail oneself of these remedies, a petition for modification must be filed with pleadings conforming to Rule 1910.19, **Support Order.  Modification.  Termination,** which requires "[a] petition for modification ... shall specifically aver the reasons for the relief sought." *Id.*  The Rule further states: "The procedure ... shall be in accordance with Rule 1910.10 *et seq.*" *Id.*  This Rule requires that a material change in circumstance be proven and the same procedure be followed as in an original action. *See* **Explanatory Note**—1981.  The least of the reasons for proceeding in this fashion is to allocate the burden of proof and to give notice to the opposing party as to the matters on which it must defend.  Because of implications of federal and state policies which, in many cases, share in the burden of supporting dependent children, modification or termination of support Orders must undergo rigorous scrutiny

and Order may not be arbitrarily rescinded. *Haley v. Haley*, 379 Pa.Super. 323, 549 A.2d 1316 (1988). Since the issue of retroactive modification was not properly presented or fully explored with notice to appellant, the Order concerning it must be vacated and the arrears and support Order reinstated pending appellee's filing of a petition and review by the court.

The Order dismissing the petition for contempt is affirmed, and that part of the Order retroactively suspending the Order of support to January 10, 1989, is hereby vacated. Case remanded to the trial court for proceedings consistent with this Opinion.

Jurisdiction relinquished.