634 A.2d 1144

**Barbara McKINNEY, Appellee,**

v.

**Dennis CAROLUS, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 2, 1993.

Filed Dec. 1, 1993.

Patricia A. Brooks Brisini, Somerset, for appellant.

James K. Jones, Carlisle, for appellee.

Before ROWLEY, President Judge, and WIEAND and CIRILLO, JJ.

WIEAND, Judge:

For fourteen years Dennis Carolus, because of periods of unemployment, experienced difficulty in meeting a court ordered obligation to contribute to the support of two children. On April 10, 1992, he requested the trial court to modify the order retroactively in what he chose to term a petition to review "illegal wage attachment arrears/non modification of order." The trial court, after hearing, denied the petition on December 17, 1992. Carolus appealed. He seeks to challenge

the practice in Somerset County by which the Domestic Relations Office, in response to petitions to modify support orders, but without hearings, causes support orders to be stayed and later reinstated according to information received extra-judicially regarding the employment or non-employment of support obligors. He also complains that when one child became emancipated the Domestic Relations Office caused a new order to be entered for the remaining child in the same amount as the earlier order but without evidence as to the needs of the child or appellant's ability to pay.

Dennis Carolus and his former wife, Barbara, now McKinney, are divorced, and both have remarried. In September, 1979, Carolus was employed by Miller–Picking Steel Co. and was ordered to pay the sum of $275.00 per month for the support of his wife and two daughters. In December, 1979, he sustained a work related injury, for which he was paid worker's compensation. In response to a petition to modify the support order, he was directed to pay for the support of his two children the reduced amount of $195.00 per month.

In December, 1982, Carolus was continuing to receive worker's compensation benefits and, therefore, requested a further reduction in the amount of the support order. When Carolus failed to pursue the petition, however, it was dismissed. Carolus returned to work in 1983 and continued to work and make support payments until his job was eliminated in 1985. A petition to modify the support order was thereafter denied because Carolus was receiving unemployment compensation. No appeal was taken from the order denying relief.

By February, 1987, Carolus's unemployment benefits had expired and he was receiving welfare assistance. He was then in arrears on his support order in the amount of $1,521.25 and petitioned for a reduction in the amount of his support obligation. A conference was held by the Domestic Relations Office and, on March 6, 1987, an order was entered "staying" the support order. According to the procedure followed in Somerset County, the stay order, in effect, vacated the support order so that, while stayed, arrearages did not accumulate. The stay order recited, however, that the prior support

order would be reinstated at $195.00 per month upon notification by Carolus that he had obtained employment. This order apparently was acceptable to Carolus, for he did not seek further review or proceed further with his petition to reduce the amount of the order.

In April, 1989, the Domestic Relations Office learned that Carolus was employed by JFC Temps in Harrisburg. Therefore, it caused the order of support to be reinstated, without notice and without hearing, at the rate of $195.00 per month. It also issued a wage attachment in the amount of two hundred ($200.00) dollars per month. The wage attachment consumed most of Carolus' income, and on one occasion he received a pay check for $0.00. Despite this state of affairs, Carolus did not move to modify the amount of the support order or complain about the amount of the order.

When Carolus terminated his employment in 1989, he failed to notify the Domestic Relations Office of his changed circumstances. In July, 1989, he filed a petition to reduce the support order, but thereafter he failed to appear for a conference and provided no information to the hearing officer. When it appeared that one of appellant's daughters had reached majority, the hearing officer caused her to be removed from the order but, despite the lack of a hearing, recommended that there be no reduction in the amount of the order. A new order was entered in accord with the hearing officer's recommendation. Carolus failed to file an appeal from this order. Because of nonpayment, arrearages accumulated to $2,151.25.

Carolus received welfare assistance for approximately a year before obtaining part time employment with Earth Movers Unlimited, Inc. The job did not last long, however, and by the beginning of 1991, Carolus was once again unemployed. In January, 1992, he was found to be in contempt for failing to pay the support order, but no penalty was imposed and no appeal was filed. By March 4, 1992, he was receiving cash assistance and food stamps, and the arrearages on the support order had increased to $7,352.61. On that date, Carolus filed a petition which, according to the language thereof, requested

a "stay" of the support order. On April 7, 1992, a stay order was entered which, once again, provided for reinstatement of the support order when Carolus found employment. On April 10, 1992, he filed the petition which is now before us for review.[1]

In denying the present petition and refusing to remit arrearages, the trial court relied on 23 Pa.C.S. § 4352(e), which provides as follows:

> **(e) Retroactive modification of arrears.**—No court shall modify or remit any support obligation, on or after the date it is due, except with respect to any period during which there is pending a petition for modification. If a petition for modification was filed, modification may be applied to the period beginning on the date that notice of such petition was given, either directly or through the appropriate agent, to the obligee or, where the obligee was the petitioner, to the obligor. However, modification may be applied to an earlier period if the petitioner was precluded from filing a petition for modification by reason of a significant physical or mental disability, misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition. In the case of an emancipated child, arrears shall not accrue from and after the date of the emancipation of the child for whose support the payment is made.

See: *Mosier v. McCaughtry,* 387 Pa.Super. 405, 564 A.2d 241 (1989). Under this statutory provision, an obligor may seek forgiveness for past arrearages where there has been physical or mental disability, misrepresentation or other compelling reason. See, e.g.: *Benjamin v. Benjamin,* 408 Pa.Super. 320, 596 A.2d 877 (1991).

■ Appellant cites as compelling reason for remitting arrearages the practice in Somerset County which resulted in (1) a reinstatement of his support order in the prior amount; and (2) the refusal to reduce the amount of the order upon

---

1. A separate petition to hold Carolus in contempt was filed by McKinney and was granted by the court. However, no penalty was imposed. That matter is not presently before this Court for review.

emancipation of one of his children without the benefit of any evidence pertaining to the needs of the remaining child or appellant's ability to pay. He also complains that arrearages were allowed to accumulate contrary to the mandate of the statute prohibiting the accrual of arrearages after one of his children became emancipated.

■ Due process requires that a party who will be adversely affected by a court order must receive notice and a right to be heard in an appropriate hearing. *Soja v. Pennsylvania State Police*, 500 Pa. 188, 455 A.2d 613 (1982); *Antonucci v. Workmens' Compensation Appeal Board*, 133 Pa.Commw. 273, 576 A.2d 401 (1990), *allocatur denied*, 527 Pa. 651, 593 A.2d 423 (1991). Appellant contends that the order of April 14, 1989, which reinstated the support order at the rate of $195.00 per month, was entered without notice or an opportunity to be heard. Thus, the amount of his obligation was determined without any evidence as to his ability to pay after he began employment with JFC in Harrisburg.

In *Leasure v. Leasure*, 378 Pa.Super. 613, 549 A.2d 225 (1988), a father facing incarceration petitioned the court to modify a support obligation. The trial court suspended the support order temporarily, and the Superior Court affirmed. The Court directed, however, that upon the father's release from prison and upon his securing a job, the trial court should review the support order being suspended and reassess the father's earning capacity before entering another order. In *Ross v. Ross*, 359 Pa.Super. 357, 518 A.2d 1274 (1986), a proceeding to reinstate arrearages, the Superior Court held that the obligor had a due process right to be notified and to be allowed to contest liability for the arrears.

In this case, appellant contends and the Domestic Relations Office concedes that its practice is to reinstate support orders summarily without prior notice or an opportunity to be heard. This practice is faulty. Not only is it contrary to Superior Court decisions, but it permits a determination of the amount of a support order without notice to the parties or an opportunity to be heard.

■ The relief to be granted in this case is complicated by appellant's delay in challenging the reinstatement of the support order at the rate of $195.00 per month in April, 1989. The law makes provision for immediate appeal, see Pa.R.C.P. 1910.11(f) and provides that if no appeal is filed, the order shall constitute a final order. Pa.R.C.P. 1910.11(h). After a final order has been entered, an appeal to the Superior Court can be filed within thirty (30) days. Pa.R.A.P. 903(a). See: *Scheidemantle v. Senka,* 371 Pa.Super. 500, 506, 538 A.2d 552, 555 (1988).

Appellant failed to follow this procedure, and the order reinstating the prior order, therefore, became final and subject to enforcement. Nevertheless, because of the due process issues involved, we hold that there existed in this case a compelling reason requiring the trial court to review the arrearages arising under the reinstatement order and to determine whether some or all of such arrearages should be remitted because of an inability by appellant to comply with the order.

■ Similarly, the trial court should review arrearages accumulating under the order fixing appellant's obligation at $195.00 per month for the support of his second daughter after the first daughter became emancipated. Although it is true that appellant failed to appear for a conference on his petition for a reduction and did not appeal from the order thereafter entered, the fact is that the order was entered without any evidence pertaining to the second child's needs or appellant's financial ability to pay support. Similarly, the record fails to disclose the date on which the first child became emancipated. Thus, because the statute is clear that arrearages shall not accrue after the date of emancipation of a child for whose support an order is entered, a judicial determination of the correct amount of arrearages is warranted.

This has been an unusual case, and we do not intend to formulate therefrom a general rule regarding those circumstances which constitute "compelling reason" under the statute for retroactive review of arrearages accruing pursuant to a

support order. Moreover, we recognize and applaud the valuable assistance being provided to the courts by Domestic Relations Officers across the length and breadth of this Commonwealth. Support orders and the proceedings leading up to such orders, however, are judicial in nature. With respect to such proceedings basic principles of due process have application and require both notice and an opportunity to be heard.

Reversed and remanded for proceedings consistent with the foregoing opinion. Jurisdiction is not retained meanwhile.