**Latoya L. BRICKUS, Appellant**

**v.**

**Raymond T. DENT, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 12, 2010.

Filed Oct. 1, 2010.

---

---

Donna S. Ross, Ardmore, for appellant.

Raymond Dent, appellee pro se. No brief filed.

BEFORE: BOWES, GANTMAN, and KELLY, JJ.

## OPINION BY GANTMAN, J.:

Appellant, Latoya L. Brickus ("Mother"), appeals from the order entered in the Chester County Court of Common Pleas, which declined to implement the hearing officer's report and recommendation to increase the support obligation of Appellee, Raymond T. Dent ("Father"), in accordance with amended state support guidelines. For the following reasons, we vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. Mother and Father had a child born July 1, 1999.[1] Mother filed a complaint for child support on August 9, 1999. On August 30, 2000, the court issued an order setting Father's support obligation at $345.00 per month plus 63% of unreimbursed medical expenses, and a portion of child care expenses based on Father's and Mother's respective net incomes. On April 5, 2001, Mother filed a petition to increase Father's child support obligation, alleging Father's support obligation should have been higher under the existing support guidelines. By order dated May 10, 2001, and filed on May 16, 2001, the court issued a modified support order increasing Father's child support obligation to $370.00 per month plus 60% of unreimbursed medical expenses, and a portion of child care expenses. On October 5, 2007, Father filed a petition to decrease his support obligation due to his impending retirement from the military. On December 7, 2007, Father withdrew his petition and both parties agreed to leave the 2001 modified support order in effect.

On August 25, 2008, Father filed the instant petition to decrease his support obligation based on changed circumstances, namely, a reduction in income due to job loss. Father alleged his only source of income was a military pension of $942.00 per month. Mother did not file a cross-petition for relief. On October 27, 2008, the parties executed an interim support agreement that temporarily reduced Father's child support obligation to $200.00 per month, with $20.00 per month towards arrears, and 50% of unreimbursed medical expenses. Significantly, the parties intended the interim support order to remain in effect only until the court heard argument on Father's petition and issued a final support order.

On January 27, 2009, a hearing officer heard Father's petition to decrease child support. Thereafter, the hearing officer found Father's evidence insufficient to prove he had tried to mitigate his job loss with diligent attempts to obtain new employment. As a result, the hearing officer used Father's monthly military pension

---

1. The parties are not and have never been married.

and his earning capacity to calculate his net monthly income in accordance with amended state support guidelines.[2] On February 2, 2009, the hearing officer filed a report and recommendation that Father pay child support in the amount of $511.00 per month, plus 47.36% of unreimbursed medical expenses.

On February 2, 2009, Father filed exceptions to the hearing officer's report and recommendation, claiming the hearing officer should have considered only his military pension, and not his earning capacity, in the computation of his support obligation. Father also alleged he made tireless, albeit unsuccessful, efforts to find employment. On March 24, 2009, the trial court held a hearing on Father's exceptions.

On May 11, 2009, the trial court granted Father's exceptions in part and denied them in part. Specifically, the court found the hearing officer erred in increasing Father's child support obligation, where Mother did not file a cross-petition for an increase in child support. The court, however, denied Father's exceptions to the extent he asserted the hearing officer erred in refusing to decrease Father's child support obligation, because Father did not present sufficient evidence to establish mitigation of his unemployment. As a result, the trial court reinstated the May 2001 modified support order retroactive to August 25, 2008, the date Father filed his petition to decrease, except for the period when the interim support agreement was in effect.

On June 3, 2009, Mother timely filed a notice of appeal. That same day, the court ordered Mother to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Mother timely filed her Rule 1925(b) statement on June 22, 2009.

Mother raises the following issues for our review:

DID THE TRIAL COURT ERR BY OVERRULING THE REPORT AND RECOMMENDATION OF THE HEARING OFFICER WHO, BASED ON THE EVIDENCE PRESENTED, MODIFIED AND INCREASED [FATHER'S] CHILD SUPPORT ORDER, UPON HIS PETITION FOR MODIFICATION, IN ACCORDANCE WITH THE PENNSYLVANIA SUPPORT GUIDELINES?

DID THE TRIAL COURT ERR BY FAILING TO APPLY THE CHILD SUPPORT RULES PROMULGATED AT 23 PA.C.S.A. § 4322(a) AND (b), PA.R.C.P.1910.16–3, 1910.16–2(a) AND (d)(4), PA.R.C.P.1910.19(a) AND (c) AND FAILING TO CONSIDER THAT THE APPLICATION OF NEW AND REVISED SUPPORT GUIDELINES ENACTED SINCE THE ENTRY OF THE ORIGINAL SUPPORT ORDER [DATED] MAY 10, 2001, ALONG WITH EVIDENCE OF ADDITIONAL INCOME, AND CHANGES IN THE PARTIES' INCOMES CONSTITUTED A SUBSTANTIAL AND MATERIAL CHANGE IN CIRCUMSTANCES WARRANTING A REVIEW OF THE EXISTING SUPPORT ORDER?

DID THE TRIAL COURT ERR BY DETERMINING THAT ONLY THE ISSUES RAISED IN [FATHER'S] PETITION FOR MODIFICATION WERE BEFORE THE HEARING OF-

---

**2.** On September 27, 2005, the Pennsylvania legislature amended the Uniform Support Guidelines, effective January 27, 2006. *See* Pa.R.C.P. 1910.16–1.

FICER AND THAT AT A *DE NOVO* REVIEW THE HEARING OFFICER DOES NOT HAVE THE AUTHORITY TO MODIFY THE EXISTING SUPPORT ORDER IN ANY APPROPRIATE MANNER BASED UPON THE EVIDENCE PRESENTED PURSUANT TO PA.R.C.P.1910.11(i), PA.R.C.P. 1910.12 *ET AL.,* AND PA.R.C.P. 1910.19(a) AND (c)?

DID THE TRIAL COURT ERR BY DETERMINING THAT THE HEARING OFFICER ONLY HAD THE AUTHORITY TO DENY [FATHER'S] PETITION FOR MODIFICATION, BECAUSE [MOTHER] DID NOT FILE A CROSS–PETITION, THUS ABROGATING AND NULLIFYING [MOTHER'S] RIGHT TO PROCEED WITH A HEARING AND RECEIVE A THOROUGH REVIEW OF THE EVIDENCE PRESENTED AND HAVE THE SUPPORT GUIDELINES APPLIED TO ESTABLISH AN APPROPRIATE SUPPORT ORDER PURSUANT TO PA.R.C.P.1910.16–2(d)(4), 1910.16–3, 1910.19(a) AND (c) AND 23 PA.C.S.A. § 4322(a) AND (b)?

DID THE TRIAL COURT ERR BY DETERMINING THAT [FATHER] WAS DENIED DUE PROCESS AND FAILED TO RECEIVE SUFFICIENT NOTICE THAT HIS SUPPORT OBLIGATION MAY BE MODIFIED BY THE HEARING OFFICER IN ANY APPROPRIATE MANNER BASED UPON THE EVIDENCE PRESENTED BEFORE THE COURT?

DID THE TRIAL COURT ERR BY FAILING TO ENTER A GUIDELINE SUPPORT ORDER RETROACTIVE TO THE FILING DATE OF [FATHER'S] PETITION FOR MODIFICATION AND ERRONEOUSLY UP-

HELD AN AGREEMENT BETWEEN THE PARTIES WHICH TEMPORARILY REDUCED [FATHER'S] SUPPORT OBLIGATION AND REMITTED HIS ARREARAGES WHICH WAS MANIFESTLY UNFAIR AND AGAINST THE BEST INTEREST OF THE CHILD[?]

DID THE TRIAL COURT ERR BY FRUSTRATING THE EFFORTS OF OBTAINING JUDICIAL ECONOMY AND EXPEDIENT DISPOSITION OF SUPPORT ACTIONS BY REQUIRING OPPOSING PARTIES TO EXPEND TIME AND MONEY TO FILE PROPHYLACTIC CROSS PETITIONS TO PRESERVE THEIR RIGHTS TO PRESENT EVIDENCE AND ADVOCATE THEIR POSITION CONTRA TO THE PARTY INITIATING THE SUPPORT MODIFICATION PROCEEDING?

(Mother's Brief at 10–11).

■■■ Our standard of review over child support orders is:

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Silver v. Pinskey,* 981 A.2d 284, 291 (Pa.Super.2009) (*en banc*) (quoting *Mencer v. Ruch,* 928 A.2d 294, 297 (Pa.Super.2007)).

For purposes of disposition, we combine Mother's issues. Mother argues the hearing officer correctly questioned Father about relevant factors related to his earning capacity and his efforts to find full-time employment. Mother asserts the hearing officer properly decided Father had not made a meaningful effort to gain employment. Mother maintains the hearing officer then determined the parties' respective incomes and necessary expenses, and applied the current state support guidelines to calculate the appropriate support award in this case. Mother concedes the hearing officer's report and recommendation is advisory and not binding on the trial court. Mother claims, however, that the court failed to conduct an independent support analysis using the parties' respective incomes in light of the current state support guidelines to determine the appropriate support award.

Mother also argues the court improperly limited the scope of the hearing officer's decision to the specific relief requested in Father's petition (namely, to decrease Father's support obligation), where both parties received the following notice from the court: THE APPROPRIATE COURT OFFICER MAY ENTER AN ORDER AGAINST EITHER PARTY BASED UPON THE EVIDENCE PRESENTED WITHOUT REGARD TO WHICH PARTY INITIATED THE SUPPORT ACTION. Given this notice, Mother submits that once Father brought the issue of child support before the court, the court was free to grant the appropriate relief, which included an increase in Father's support obligation, even in the absence of a cross-petition for an increase.

Additionally, Mother argues the parties stipulated Mother's income had changed since the entry of the last support order. Mother insists her change in income was an independent material and substantial change to warrant modification of Father's support obligation. Similarly, Mother declares the amended state support guidelines, standing alone, constituted a substantial and material change to warrant modification of Father's support obligation.

Finally, Mother questions the court's decision to exempt from retroactive application of its support order that time during which the parties' interim support agreement was in place. The parties' interim support agreement temporarily reduced Father's support obligation. Mother insists she agreed to the temporary reduction based on Father's promise to make a sincere effort to mitigate his job loss and seek appropriate employment. Father failed to make adequate attempts to gain suitable employment while the interim support agreement was in effect. Therefore, Father failed to keep his part of the bargain and abused the agreement to circumvent his existing support obligation. Mother submits the court erred when it refused to adjust Father's child support obligation to the current state support guidelines, simply because Mother did not file a cross-petition for that relief, and when it reinstated the amended 2001 support order retroactive to August 25, 2008, but exempted the time the parties' interim support agreement was in place. Mother concludes this Court must vacate and remand for an amended order pursuant to the current support guidelines and made retroactive to August 25, 2008, the date Father filed his petition to decrease child support. For the following reasons, we agree to vacate and remand.

■ Pennsylvania Rule of Civil Procedure 1910.19 sets forth the relevant guide-

lines to modify an existing support order as follows:

**Rule 1910.19. Support. Modification. Termination. Guidelines as Substantial Change in Circumstances**

(a) A petition for modification or termination of an existing support order shall specifically aver the material and substantial change in circumstances upon which the petition is based. **A new guideline amount resulting from new or revised support guidelines may constitute a material and substantial change in circumstances.** The existence of additional income, income sources or assets identified through automated methods or otherwise may also constitute a material and substantial change in circumstances.

(b) The procedure upon the petition shall be in accordance with Rule 1910.10 *et seq.*

(c) Pursuant to a petition for modification, the trier of fact may modify or terminate the existing support order in any appropriate manner based upon the evidence presented.

\* \* \*

Pa.R.C.P. 1910.19(a)-(c) (emphasis added).

■ "Due process requires that a party who will be adversely affected by a court order must receive notice and a right to be heard in an appropriate setting." *McKinney v. Carolus*, 430 Pa.Super. 450, 634 A.2d 1144, 1146 (1993). "Notice, in our adversarial process, ensures that each party is provided adequate opportunity to prepare and thereafter properly advocate its position, ultimately exposing all relevant factors from which the finder of fact may make an informed judgment." *Everett v. Parker*, 889 A.2d 578, 580 (Pa.Super.2005).

Pennsylvania Rule of Civil Procedure 1910.27 describes the notice provisions to be attached to the complaint in initial support proceedings and the notice provisions to be attached to the petition for modification of support in modification proceedings as follows:

**Rule 1910.27. Form of complaint. Order. Income and Expense Statement. Health Insurance Coverage Information Form. Form of Support Order. Form Petition for Modification.**

\* \* \*

**(b) The order to be attached at the front of the complaint set forth in subdivision (a) shall be in substantially the following form:**

\* \* \*

THE APPROPRIATE COURT OFFICER MAY ENTER AN ORDER **AGAINST EITHER PARTY** BASED UPON THE EVIDENCE PRESENTED **WITHOUT REGARD TO WHICH PARTY INITIATED THE SUPPORT ACTION.**

\* \* \*

**(g) The order to be attached at the front of the petition for modification set forth in subdivision (f) shall be in substantially the following form:**

\* \* \*

THE APPROPRIATE COURT OFFICER MAY MODIFY OR TERMINATE THE EXISTING ORDER **IN ANY MANNER** BASED UPON THE EVIDENCE PRESENTED.

Pa.R.C.P. 1910.27(b), (g) (emphasis added).

■ "An order of support shall be effective from the date of the filing of the

complaint or petition for modification unless the order specifies otherwise." Pa. R.C.P. 1910.17(a). *See generally Krebs v. Krebs,* 944 A.2d 768, 774 (Pa.Super.2008). "Consequently, modification of a support order is to be retroactive to the date when modification initially was sought unless the court sets forth reasons for failing to do so on the record." *Kelleher v. Bush,* 832 A.2d 483, 485 (Pa.Super.2003) (quoting *Holcomb v. Holcomb,* 448 Pa.Super. 154, 670 A.2d 1155, 1158 (1996) (emphasis omitted)). "In fact, failure to make an award retroactive is reversible error unless specific and appropriate justification for such a ruling is shown." *Christianson v. Ely,* 575 Pa. 647, 658, 838 A.2d 630, 636 (2003).

Section 4352 of the Domestic Relations Code governs the retroactive modification of arrears as follows:

**§ 4352. Continuing jurisdiction over support orders**

\* \* \*

**(e) Retroactive modification of arrears.** No court shall modify or remit any support obligation, on or after the date it is due, except with respect to any period during which there is pending a petition for modification. **If a petition for modification was filed, modification may be applied to the period beginning on the date that notice of such petition was given,** either directly or through the appropriate agent, to the obligee or, where the obligee was the petitioner, to the obligor. . . .

23 Pa.C.S.A. § 4352(e) (emphasis added).

Instantly, the court issued a modified support order in 2001 in accordance with existing state support guidelines. In October 2007, Father filed a petition to decrease his support obligation due to his impending retirement from the military. Father later withdrew this petition, however, and the 2001 modified support order remained in effect.

On August 25, 2008, Father filed the present petition to decrease his support obligation due to job loss. Following a hearing on January 27, 2009, the hearing officer found Father had offered insufficient evidence that he had tried to mitigate his unemployment. As a result, the hearing officer issued a report and recommendation that denied Father's petition for a decrease in child support. Using Father's military pension and his established earning capacity, the hearing officer recalculated Father's child support obligation under the amended state support guidelines, which effectively increased the amount Father had to pay in child support. On February 2, 2009, Father filed exceptions to the hearing officer's report and recommendation.

The court granted Father's exceptions in part largely because the court found Mother had not filed a cross-petition for an increase in child support. The court reasoned:

A close review of [the notice provisions under Rule 1910.27(b) and (g)] clearly indicates that the court officer, whether it is a hearing officer or a judge, has an expanded authority to issue a decision in favor of the party who did not initiate the action only in an original support hearing, not in a support modification hearing. As form order notifications described within a single support rule, these notice provisions must be read *in pari materia* in accordance with Pa. R.C.P. 131. Rules *in pari materia* must be construed together so that effect can be given to both. *Lohmiller v. Weidenbaugh,* 503 Pa. 329, 333, 469 A.2d 578,

580 (1983). Giving full effect to both notifications required that the language omitted from the petition for modification order not be added by judicial interpretation. That which is omitted, but which is contained in the original support order language, authorizes the court officer to issue an order "against either party" ... "without regard to which party initiated the support action." The Supreme Court certainly could have provided similar language within the modification petition order, as well as Rule 1910.19(c) itself. That it declined to do so indicates an intention that this court cannot ignore.

(Trial Court Order, dated May 11, 2009, at 3–4) (emphasis in original). We respectfully disagree with the court's analysis because it does not lead inexorably to the court's conclusion under the circumstances of this case.

Initially, we observe the court's own order issued to both parties on October 27, 2008, and rescheduling the hearing on Father's petition to modify child support for January 27, 2009, contained the following notice provision:

THE APPROPRIATE COURT OFFICER MAY ENTER AN ORDER **AGAINST EITHER PARTY** BASED UPON THE EVIDENCE PRESENTED **WITHOUT REGARD TO WHICH PARTY INITIATED THE SUPPORT ACTION.**

(Order to Reschedule a Hearing, filed 11/6/08, at 2) (emphasis added). Because the language in the particular notice sent to the parties indicated the hearing officer could make a decision **against either party, regardless of which party initiated the action,** Mother had no reason to conclude she had to file a cross-petition to obtain an increase in Father's support obligation. *See* Pa.R.C.P. 1910.27; *Everett, supra; McKinney, supra.*

Moreover, nothing in Rule 1910.27 **requires** a party to file a cross-petition for modification of child support, where the rule expressly provides "THE APPROPRIATE COURT OFFICER MAY MODIFY OR TERMINATE THE EXISTING ORDER **IN ANY MANNER** BASED UPON THE EVIDENCE PRESENTED." *See* Pa.R.C.P. 1910.27(g) (emphasis added). Therefore, the hearing officer had the authority to increase Father's support obligation in accordance with the amended state support guidelines, even in the absence of a cross petition by Mother. *See* Pa.R.C.P. 1910.19(a).

Further, on October 27, 2008, the parties executed an interim support agreement (entered as an order of the court on 11/5/08) that temporarily reduced Father's support obligation. At the *de novo* hearing on Father's exceptions to the hearing officer's report and recommendation, Mother argued for adoption of the hearing officer's recommended child support calculation, made retroactive to August 25, 2008, the date Father filed his petition for child support modification. No dispute at the hearing arose on whether the court should exempt from retroactive application the time between the November 5, 2008 temporary order (incorporating the parties' agreed-to temporary reduction of Father's support obligation) until the January 27, 2009 hearing (the date the parties appeared before the master for the support modification hearing). *See* Trial Court Order, filed May 11, 2009, at 1 (defining "Hearing" date as January 27, 2009). Only after the court filed its final order did the issue of time exclusion arise. Mother challenged that part of the court's order in

her Rule 1925(b) statement [3] and the court responded as follows:

> *The Record Supports Enforcement of the Parties' Temporary Stipulation to Reduce Support*
>
> The specific language contained in the parties' Temporary Stipulation is recorded in a signed writing dated October 27, 2008 and in the November 5, 2008 order of Judge Cody. Neither writing contains language that conditions the temporary reduction in support upon the qualitative level of effort by [Father] to seek new employment. Because of this, [Mother] cannot now be heard to deny the stipulation based on any non-record recitation of an alleged prior oral agreement. Even if parol evidence were permitted, none was offered and the court is limited to record evidence from the support hearing. Thus, the court properly applied the Temporary Stipulation.

(Trial Court Opinion, filed July 10, 2009, at 11). We respectfully disagree with the court's rationale. Given the general rules applicable to retroactivity of support orders, we think the better resolution would be for the court to reconsider its decision on this issue as well upon remand. *See* Pa.R.C.P. 1910.17(a); 23 Pa.C.S.A. § 4352(e); *Christianson, supra; Kelleher, supra.* Accordingly, we vacate and remand for further proceedings consistent with this opinion.

Order vacated; case remanded with instructions. Jurisdiction is relinquished.

Judge BOWES files a Dissenting Opinion.

## DISSENTING OPINION BY BOWES, J.:

I disagree with the majority's conclusion that Latoya L. Brickus ("Mother") was not required to file a petition for modification of the child support order. Contrary to the majority, I do not believe that the hearing officer had the authority to increase Raymond T. Dent's ("Father") support obligation absent a properly filed petition for modification, wherein Mother would have requested precise relief and would have specifically identified the alleged changes in circumstances upon which her petition was based. Accordingly, I would affirm the decision of the learned Judge John L. Hall.

The majority succinctly summarized the factual history and procedural posture of this matter, and it accurately stated our standard of review. I add only that as the petitioning party, Father was required to adduce competent evidence during the support hearing to sustain his burden of proving that a material and substantial change in circumstances warranted a reduction in his child support obligation. *Mackay v. Mackay,* 984 A.2d 529, 537 (Pa.Super.2009); Rule 1910.19(a) ("A petition for modification of a support order may be filed at any time and shall be granted if the requesting party demonstrates a substantial change in circumstances").

Herein, the trial court concluded that the hearing officer erred in perpetuating the local practice in Chester County of modifying a child support order in favor of a non-petitioning party. The trial court proffered a comprehensive analysis in support of its determination. However, in reversing the trial court, the majority concluded the court's analysis "does not lead inexorably to the court's conclusion under the circumstances of this case." Majority

---

**3.** Mother had no reason to anticipate the court's final decision would exempt from retroactivity the time the interim support order was in effect. Therefore, her Rule 1925(b) statement was the first opportunity she had to challenge that aspect of the court's order.

Opinion at 1288. Essentially, the majority found that Father received adequate notice that the hearing officer might elect to increase his support obligation even though Mother did not file a petition seeking an upward modification. The majority's conclusion rests squarely upon the *per curiam* order that notified Mother and Father of the rescheduled support hearing. The second page of that notice provides as follows: "THE APPROPRIATE COURT OFFICER MAY ENTER AN ORDER AGAINST EITHER PARTY BASED UPON THE EVIDENCE PRESENTED WITHOUT REGARD TO WHICH PARTY INITIATED THE SUPPORT ACTION." Order to Reschedule a Hearing, 11/6/08, at 2. Based on the foregoing language indicating that the hearing officer could enter an order against either party regardless of which party initiated the support action, the majority finds that Father had adequate notice of Mother's claims, and it concludes that Mother was not obligated to comply with the petitioning requirements enumerated in Rule 1910.19(a). My analysis of the *per curiam* order does not lead to the same conclusion.

First and foremost, the *per curiam* order did not employ the notice provision the Supreme Court fashioned in Rule 1910.27(g) to apply specifically to petitions for modification. The correct provision reads, "THE APPROPRIATE COURT OFFICER MAY MODIFY OR TERMINATE THE EXISTING ORDER IN ANY MANNER BASED UPON THE EVIDENCE PRESENTED." *See* Rule 1910.27(g).

In light of the notice actually provided, Father could have expected that, as the obligor in this child support action, the hearing officer would enter an order against him regardless of whether his petition to modify was granted. It is axiomatic that unless the hearing officer terminated Father's support obligation completely, which Father did not request, at the close of the support hearing, the hearing officer would enter an order against Father directing him to pay Mother some amount of child support. Even an order denying Father's petition for modification would be considered an expected order against him and in favor of Mother. However, what the *per curiam* scheduling order clearly did not indicate to Father is that the hearing officer may not only deny his petition for modification but also elect to increase the support obligation based upon an unidentified change in circumstances.

Similarly, the portion of the *per curiam* scheduling order that referenced the "party initiat[ing] the support action" is unclear. While Father filed the petition to modify the existing child support order, Mother actually initiated the support action on August 9, 1999, when she filed the complaint for support. In fact, as the trial court accurately observed, the notice provision utilized in the *per curiam* scheduling order adopted the notice language that was intended to accompany an initial complaint for child support. Therefore, the notice included in the *per curiam* scheduling order did not clearly provide Father with notice that Mother might actually seek an increase during the hearing so that he could prepare to advocate a countervailing position. Accordingly, I find the notice provision of the *per curiam* scheduling order insufficient. *See Everett v. Parker*, 889 A.2d 578, 580 (Pa.Super.2005) (addressing notice requirements for contempt and custody proceedings).

Moreover, in focusing on the notice provision that was employed in this case, the majority discounted the importance of the

petitioner's ultimate burden to plead and prove a material and substantial change in circumstances. The Domestic Relations Code directs, "A petition for modification of a support order ... shall be granted if **the requesting party** demonstrates a substantial change in circumstances." 23 Pa. C.S. § 4352 (emphasis added). Similarly, Pa.R.C.P. 1910.19(a) and authoritative case law dictate that "A petition for modification or termination of an existing support order shall specifically aver the material and substantial change in circumstances upon which the petition is based." Rule 1910.10(a); *Beegle v. Beegle,* 438 Pa.Super. 285, 652 A.2d 376, 377 (1994). The 1981 explanatory comment to Rule 1910.19 further elucidates, "Subdivision (a) sets forth a rule of pleading. It requires the petition for modification or termination to aver "specifically" the reasons for the relief sought.... Th[e] change in circumstances should be alleged specifically." Indeed, under our reasoning in *Beegle,* a petitioner must state every ground he or she seeks to assert for modification in the petition and the trial court cannot consider any grounds for modification that are not asserted therein. *Id.* Thus, when properly applied, Rule 1910.19(a) allocates the burden of proof during the hearing and it provides the respondent notice of the exact claims that he or she will be expected to defend. *See Calloway v. Calloway,* 406 Pa.Super. 454, 594 A.2d 708, 711 (1991).

The case *sub judice* highlights the importance of the petitioning requirements contained in Rule 1910.19. Acting *pro se,* Appellant filed a petition pursuant to Rule 1910.19 for modification of the existing child support order. The petition averred that Father was entitled to decrease his existing support obligation due to a reduction in his income. Thus, when Mother attended the support hearing, she had actual knowledge of the discrete claim Father sought to assert, and pursuant to *Beegle,* she could be confident that the hearing officer would not consider any allegations that Father had not leveled in his petition. During the subsequent hearing, Father attempted, albeit unsuccessfully, to adduce sufficient evidence to sustain his burden of proving the material and substantial change in circumstances that he pled in his petition.

Conversely, Mother, who was represented by counsel, did not file a petition for modification. Hence, Mother did not specifically aver that she was entitled to an increase in the existing support order based upon an alleged reduction in her income and her burdensome childcare expenses.[1] While the *per curiam* notice of the rescheduled hearing included the ambiguous proviso quoted *supra,* when Father attended the support hearing, he lacked actual notice of any claims Mother intended to assert against him. Likewise, since Mother did not file a petition for modification, she did not identify the evidence she intended to adduce during the hearing to establish the undisclosed assertions regarding her monthly income and childcare expenses. Mother did not even request an increase during the support

---

1. To the extent that Mother sought to modify Father's support obligation based upon a purported material and substantial change in circumstances, she was obligated to file a prompt petition for modification. *Krebs v. Krebs,* 944 A.2d 768, 774 (Pa.Super.2008). In *Krebs,* Judge Gantman issued the cogent and well-reasoned opinion of this Court, wherein we observed, *inter alia,* "parties to a support proceeding are duty bound to report material changes affecting support ... [and][a] party seeking to modify a support order has the burden of proving a modification is warranted and that he/she promptly filed a modification petition." (internal citations omitted).

hearing. Nevertheless, the hearing officer ignored prevailing legal precedent, considered Mother's evidence, and increased Father's support obligation. We can only speculate whether the hearing officer applied the correct burden of proof when it embraced Mother's implicit request to increase Father's support obligation.

Moreover, I point out that while the majority accurately stated that "nothing in Rule 1910.27 requires a party to file a cross-petition for modification of child support," Majority Opinion at 1288, it is equally accurate that Rule 1910.27 does not require a moving party to file a petition for modification. *See* Majority Opinion at 1288. Indeed, Rule 1910.27 is silent on this requirement. It simply assumes the moving party has filed a petition pursuant to Rule 1910.19, which properly places the burden of pleading and proving grounds for relief on the moving party. Furthermore, I disagree with the majority's suggestion that the revisions to Rule 1910.19(a) alleviated the requirement that Mother file a petition for modification in this case because pursuant to that provision, "a new guideline amount resulting from new or revised support guidelines may constitute a material and substantial change in circumstances." Pa.R.C.P. 1910.19(a). Nothing in Rule 1910.19 implies that a change to the guideline affects an existing support obligation automatically. Instead, Rule 1910.19(a) merely acknowledges that a change to the support guidelines may constitute a material and substantial change. I point out that the rule also identifies the existence of additional income sources or assets as circumstances that may constitute a material and substantial change. Thus, as applied herein, the changes in the child support guidelines or the existence of additional income sources or assets may have established a material and substantial change in Mother's circumstances had she actually pled as much in a petition for modification. *See* Rule 1910.19 explanatory cmt.—1993 ("The amended rule allows the trier of fact to consider new or revised rules as a change in circumstances where the change in the guidelines, either by itself or in combination with other factors, is material and substantial."). Since Mother failed to file such a petition, I find the majority's position unpersuasive.

Finally, in contrast to the majority, I believe that 23 Pa.C.S. § 4352(e), regarding the retroactive modification of arrears, supports the trial court's conclusion that Mother was required to file a petition to modify the child support order. The pertinent proviso directs, "If a petition for modification was filed, modification may be applied to the period beginning on the date that notice of such petition was given ... to the obligee or, where the obligee was the petitioner, to the obligor." *See* 23 Pa.C.S. § 4352(e). I believe this provision clearly anticipates that the party seeking retroactive application of an order modifying an existing support order will be the party who actually filed the petition for modification. Thus, mindful of the parties' respective duties to report material changes affecting the child support obligation and to file prompt petitions for modification, I believe that permitting the hearing officer to review a non-petitioning party's complaints and grant relief retroactive to the date the petitioning party fulfilled his or her obligation to file a prompt petition for modification is counterintuitive to the statutory scheme.

Accordingly, I respectfully dissent.