**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| L.T.C. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| N.A.T. | |
| Appellant | No. 2120 MDA 2014 |

Appeal from the Order Entered November 13, 2014
In the Court of Common Pleas of York County
Domestic Relations at No(s): 02016 SA 2007

BEFORE: GANTMAN, P.J., OLSON, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:         **FILED SEPTEMBER 30, 2015**

Appellant, N.T. ("Father"), appeals from the order entered in the York County Court of Common Pleas, reinstating Father's obligation to pay child support to Appellee, L.T.C. ("Mother"), for the parties' minor daughter. We affirm.

In its opinion, the trial court fully sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.[1]

Father raises one issue for our review:

---

[1] Father timely filed a notice of appeal on Monday, December 15, 2014. On December 17, 2014, the court ordered Father to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Father timely filed on December 31, 2014.

---

*Retired Senior Judge assigned to the Superior Court.

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT DOMESTIC RELATIONS COMMITTED ERROR IN TERMINATING THE CHILD SUPPORT ORDER WHERE [FATHER] IS AN UNDOCUMENTED ALIEN WHO HAS OVERSTAYED A FINAL REMOVAL ORDER AND THEREFORE HAS NO WORK AUTHORIZATION?

(Father's Brief at 6).

Our standard of review over child support orders is as follows:

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Kimock v. Jones*, 47 A.3d 850, 854 (Pa.Super. 2012) (quoting *Brickus v. Dent*, 5 A.3d 1281, 1284 (Pa.Super. 2010)).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Andrea Marceca Strong, we conclude Father's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed January 7, 2015, at 2-5; Order Reinstating Child Support, filed November 13, 2014, at 1) (finding: in 2011, court ordered Father to pay child support; Father did not appeal that order;

Father filed instant petition for modification of child support order, claiming he is facing deportation and if he lists his social security number on employment papers, authorities will find him and deport him; on this basis, Father alleged he cannot work or pay child support; based on his deportation status, Domestic Relations Section terminated Father's child support obligation and cancelled Father's arrears; Mother filed appeal for hearing *de novo*; at *de novo* hearing,[2] Father did not demonstrate by competent evidence material and substantial change in his circumstances; Father has been subject to deportation since 2004; Board of Immigration Appeals ("BIA") denied Father's first motion to reopen deportation proceedings in 2006, and denied Father's second motion to reopen in 2012; in support of petition for modification of child support, Father presented BIA order dated September 30, 2013, denying Father's third motion to reopen deportation proceedings, which Father claimed constituted "final" deportation order; most recent BIA order is not "final" deportation order; rather, BIA denied Father's third attempt to reopen deportation proceedings as untimely and number-barred, where aliens are entitled to file only one motion to reopen, within 90 days; Father was subject to deportation in 2011 when court entered prior child support order in this case, and still facing deportation at *de novo* hearing; thus, Father did not demonstrate material and substantial

---

[2] Father did not attend the hearing, but his counsel was present and offered argument on Father's behalf.

change in circumstances to warrant modification of child support order; contrary to Father's statements, court did not demand that Father obtain illegal employment in United States, or that employers in this country hire Father despite his deportation status; Father is not "unable to work" where he can seek employment in his country (Jamaica); thus, court properly reinstated Father's child support obligation).  Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2015

aled To:
'laintiff
athryn Nonas-
Hunter, Esg.
1/8/15
DL L

# IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

L.T.C.        ,                  :        No.   02016 SA 2007
Plaintiff                       :        PASCES No. 209109360
                                :
            vs.                 :        ACTION IN SUPPORT
                                :
N. A. T.     ,                  :
Defendant                       :

APPEARANCES:

    For Plaintiff:     Self-Represented
    For Defendant:     Kathryn Nonas-Hunter, Esquire

## OPINION PURSUANT TO
## PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925(a)

AND NOW, this ___ day of January, 2015, this Court is in receipt of the

Concise Statement of Matters Complained of on Appeal filed by Defendant/

Petitioner   N.A.T.          (hereinafter "Petitioner"). This Court does, in

response and pursuant to Pennsylvania Rule of Appellate Procedure 1925(a),

hereby incorporate its Order issued November 13, 2014 in the above-captioned

matter into this Opinion and does also supplement it as follows:

1

In 2004, a final order of deportation was entered regarding Petitioner. Petitioner's first motion to reopen was denied in 2006.[1]

In August 2007, Plaintiff /Respondent (hereinafter "Respondent") in the above-captioned matter filed an Application for Child Support for the child of the parties. In November of the same year, she withdrew her complaint. Respondent filed another complaint in 2010. An Order was entered as a result of that complaint in January 2011. Petitioner filed a Petition for Special Hearing on February 14, 2011 after entry of that Order. He did not raise the deportation issue at that time. After a protracted hearing, an Order was entered on April 29, 2011. The Order entered considered Petitioner's earning and his obligation to two other children. No appeal of the 2011 Order was ever filed.

The matter most recently came before the Court on Petitioner's Petition for Amendment of Support Order, filed on August 11, 2014. In his Petition, he alleged he could not work because he was facing deportation and that "If [he] list[s] [his] SSN with any employer, [he] will be found and deported." He wanted to amend his support order, because "until [his] circumstances change, [he] cannot work or pay child support."

---

[1] See Board of Immigration Appeals Order, Sept. 30, 2013.

2

After a conference, at which Petitioner did not appear, but did send counsel as a representative, the Domestic Relations Section entered an order terminating the existing support order and cancelling the $7,807.58 of arrears that had accrued since Petitioner last paid support. Respondent filed a demand for hearing *de novo*. This Court heard the matter and an Order was issued and filed November 13, 2014. That Order ordered Petitioner to continue to provide child support.

Petitioner filed a Motion for Reconsideration, which this Court denied on December 15, 2014. The Court then received notice of this appeal that was timely filed.

The Order establishing Petitioner's liability to support the child at issue was entered in this matter by this Court in 2011; Petitioner did not appeal that Order. Petitioner filed for an amendment of his support order because he was subject to deportation and someone had finally attempted to locate him at his "previous" place of employment.

Filing for modification or amendment of a child support order requires that the moving party demonstrate by competent evidence that a "material and substantial change of circumstances has occurred since the entry of the original

3

or modified order." *McClain v. McClain*, 872 A.2d 856, 863 (Pa.Super. 2005) (citing *Samii v Samii*, 847 A.2d 691, 695 (Pa.Super. 2004)). At the hearing *de novo* held in this matter, Petitioner, in fact, did not appear; he sent counsel in his stead. At the time of Petitioner did not demonstrate by competent evidence that there has been a material and substantial change in circumstances. The September 30, 2013 Order (hereinafter "Board of Immigration Appeals Order") presented to this Court in November 2014 is not the final order of deportation. The Board of Immigration Appeals Order denies Petitioner's *third attempt* to reopen his order of deportation as untimely and number-barred.[2] A third denial of his petition to reopen and reconsider his deportation proceedings does not demonstrate a material and substantial change in circumstances. Petitioner was subject to a deportation order in 2011, just as he was at the time of the November 13, 2014 Order.

Petitioner argues that this Court erred by demanding that Petitioner obtain illegal employment and that an employer in the United States hire Petitioner

---

[2] According to the September 30, 2013 Order by the Board of Immigration Appeals, an alien is entitled to file only one motion to reopen and that motion must be filed within 90 days of the administrative order. Board of Immigration Appeals Order (citing 8 C.F.R Section 1003.2(c)(2)). Petitioner's first attempt to reopen was in 2006; his second was denied in 2012. *Id.*

4

despite his illegal status. Nowhere in this Court's Order does the Court make any such demand and nothing in the Order can reasonably be interpreted to make such a demand.

Petitioner did not demonstrate a material and substantial change in circumstances warranting an amendment of the child support order, pursuant to the law of this Commonwealth, and therefore, this Court therefore respectfully requests that the Superior Court of Pennsylvania affirm its November 13, 2014 Order.

BY THE COURT,

ANDREA MARCECA STRONG, JUDGE

DATED: 1/7/15

5

THE COURT OF COMMON PLEAS OF YORK COUNTY,
PENNSYLVANIA

L.T.C.                          :    No. 02016 SA 2007
                                :
VS                              :    PACSES No. 209109360
                                :
N.A.T.                          :    DRO 92616

York, PA, Thursday, November 13, 2014

Before the Honorable Andrea Marceca Strong, Judge

APPEARANCES:

        KATHRYN NONAS HUNTER, Esquire
        For the Defendant

ALSO PRESENT:

        CHRISTINE WILLIAMS, Conference Officer

                        *   *   *

                     O R D E R

        This is the time set for the matter of L.T.C. versus N.A.T. , The Defendant has not appeared. His counsel has appeared and has argued effectively that he has an order for deportation which she will provide a copy of to the Court.

        It is through his own circumstances that he has this order of deportation. That does not mean that he is not able to work. He can certainly work in his own country of Jamaica when he gets there, but we are reinstating the order that was previously directed by prior order of Court.

        I believe Judge Adams entered an order in 2011. The order is hereby reinstated. N.A.T. does have the right to file an appeal of this decision within 30 days to the Superior Court of Pennsylvania. The Court does believe it is appropriate to have the order in effect.

                        *   *   *

bln - 11/17/14

1

NOV 21 2014 COURT ORDER