J-A32035-13

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANN P. RINE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KEITH C. RINE, | |
| Appellee | No. 970 MDA 2013 |

Appeal from the Order May 12, 2013
in the Court of Common Pleas of Montour County
Domestic Relations at No.: DR-00080-2012

BEFORE:  DONOHUE, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.                    **FILED NOVEMBER 07, 2014**

Appellant, Ann P. Rine (Mother), appeals from the Order of May 12, 2013,[1] which lowered the child support obligation of Keith C. Rine (Father) to $103.97 per month and directed that Mother pay Father, after an offset, $438.03 in spousal support.  This matter returns to us for reconsideration, after we concluded that Mother's issues were waived.  For the reasons discussed below, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order is dated May 3, 2013 but was not filed until May 12, 2013.

We take the underlying facts and procedural history in this matter from the trial court's May 12, 2013 opinion.[2] On October 2, 2012, Father filed a claim against Mother for spousal support and, on October 24, 2012, for alimony *pendente lite* (APL) as part of a divorce action filed to case number 335-CV-2011. Mother subsequently sought child support for the parties' adult disabled son (Son),[3] filed to case number DR-0080-2012. Son, who primarily resides with Mother, works twelve hours per week as a dishwasher, and has a net income of $305.00 per month. He also receives Supplemental Security Income (SSI) of $698.00 per month; Mother is his representative payee.

A master's hearing on the issues of spousal support, APL, and child support took place on November 13, 2012. On January 18, 2013, the master submitted a recommendation, resulting in an interim order. The master determined that Mother's net income per month was $4,623.17; Father's net income per month was $3,238.53. Neither party disputes these amounts. The master did not award APL and determined that Father's obligation to pay child support and Mother's obligation to pay spousal support offset each other, with neither party owing the other any monies. Father filed exceptions. However, Father made an apparent procedural error, filing the exceptions only under the divorce caption and not under the

---

[2] (**See** Trial Court Opinion, 5/12/13, at 1-5).
[3] The parties' 19-year-old son suffers from autism.

child support caption. Mother did not file exceptions. The trial court, *sua sponte*, dealt with the exceptions as though Father had filed it to both captions.

By Order of May 12, 2013, the trial court granted the exceptions in part, determining that while Mother's spousal support obligation, which she had not challenged, remained at $542.00 per month, Father only owed $103.97 per month in child support. (*See* Order, 5/12/13, at 10). Thus, after the offset, Mother owed Father the sum of $438.03 per month in spousal support. (*See id.*).

Mother filed the instant timely appeal, challenging the trial court's treatment of Son's SSI benefits. On June 17, 2013, the trial court ordered Mother to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); the trial court docketed the order to both the divorce and the support captions. *See* Pa.R.A.P. 1925(b); (*see* Order, 6/17/13, at unnumbered p. 1). The certified record ends with this order.

On April 29, 2014, after inquiries to the trial court in an attempt to locate Mother's Rule 1925(b) statement proved unsuccessful, this Court dismissed Mother's appeal for failure to comply with Rule 1925. (*See Rine v. Rine*, 970 MDA 2013 (unpublished memorandum)).

On May 13, 2014, Mother filed an application for reargument pursuant to Pa.R.A.P. 2543(2). In her application, Mother alleged that, although her Rule 1925(b) statement was timely filed, it was not docketed because of a

breakdown in the court system. (***See*** Application for Reargument, 5/13/14, at p. 2 and Exhibit C). On July 10, 2014, an *en banc* panel of this Court granted Mother's request for panel reargument.

That same day, we ordered the parties to file supplemental briefs in this matter and the parties complied. Having reviewed the supplemental briefs, in particular, Mother's assertion that the Montour County Domestic Relations Office erred in not timely docketing her statement, and the Domestic Relations Office's apparent concession of a filing error, in the interest of judicial economy we will regard as done what ought to have been done and deem Mother's Pa.R.A.P. 1925(b) statement as timely filed. ***See Zitney v. Appalachian Timber Products, Inc.***, 72 A.3d 281, 285 (Pa. Super. 2013). Accordingly, we will review the merits of Mother's claims.

On appeal, Mother raises the following issues for our review:

I.    Whether the trial court's inclusion of SSI as income available for support in direct violation of Pa.R.C.P. 1910.16-2(b)(1) was in error and amounts to an abuse of discretion?

II.   Whether the trial court erred and abused its discretion by applying an overly large deviation downwards from the guideline amount of child support?

(Mother's Brief, at 4).

Mother appeals from the award of child support. Our standard of review is as follows:

> [w]hen evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the

- 4 -

discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

**Brickus v. Dent**, 5 A.3d 1281, 1284 (Pa. Super. 2010) (citations omitted).

After a thorough review of the record, the parties' briefs, the applicable law, and the well-reasoned opinion of the trial court, we conclude that there is no merit to the issues Mother has raised on appeal. The trial court opinion properly disposes of the questions presented. (**See** Trial Ct. Op., 5/12/13, at 6-9) (finding, *inter alia*, that: (1) Son's employment income should be used to provide for his necessary expenses; (2) while Son's SSI benefits could not be counted as income of the parties, to avoid an unjust result it could be considered as other household income for Son's necessaries and was properly used as the basis for a deviation from the guidelines; (3) trial court properly affirmed master's determination of the basic support obligation to be $1,228.00; (4) trial court properly determined guideline support obligation to be $593.87 after offset for Son's income and SSI benefits; (5) Father's net child support amount was properly determined to be $103.97 per month; and (6) Mother's liability to Father for spousal support, in an amount of $542 per month, after offset for Father's child support obligation of $103.97, was properly reduced to a net amount of $438.03).

Accordingly, we affirm on the basis of the trial court opinion.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/7/2014

ANN RINE,
    Plaintiff

      vs.

KEITH C. RINE,
    Defendant

:   IN THE COURT OF COMMON PLEAS
:   OF THE 26TH JUDICIAL DISTRICT
:   MONTOUR COUNTY BRANCH, PA

:   DOMESTIC RELATIONS SECTION
:
:   DOCKET NO. DR-00080-2012
:   PACSES NO. 471113580

KEITH C. RINE,
    Plaintiff

      vs.

ANN RINE,
    Defendant

:   IN THE COURT OF COMMON PLEAS
:   OF THE 26TH JUDICIAL DISTRICT
:   MONTOUR COUNTY BRANCH, PA

:   DOMESTIC RELATIONS SECTION
:
:   DOCKET NO. DR-00106-2011
:   PACSES NO. 629112901

ANN RINE,
    Plaintiff

      vs.

KEITH C. RINE,
    Defendant

:   IN THE COURT OF COMMON PLEAS
:   OF THE 26TH JUDICIAL DISTRICT
:   MONTOUR COUNTY BRANCH, PA

:   DOCKET NO. 335-CV-2011

APPEARANCES:

JANICE RAMIN YAW, ESQUIRE, Attorney for Keith C. Rine
SUSAN M. HILL, ESQUIRE, Attorney for the Ann Rine

Norton, J.    May 3, 2013

# OPINION AND ORDER
## OPINION

The matter is before the Court on Exceptions filed by Keith C. Rine ("Father") to an Order dated January 18, 2013 (the "Interim Order"), which Interim Order was issued on the recommendation of the Master. Father made claims against Ann C. Rine ("Mother") for spousal support filed on October 2, 2012 at the Domestic Relations Office to No. DR-00106-2011 and alimony pendente lite (APL) by motion filed on October 24, 2012 to the divorce action to No. 335-CV-2011. Mother filed for child support, for the

adult, disabled son of the parties, at the Domestic Relations Office to No. DR-00080-2012. The parties' son is Michael, age 19, a young man who is autistic (N.T. 24). Despite his disability, and to his great credit, Michael works three (3) days per week over four (4) hour shifts as a dishwasher at a local hospital (N.T. 25). Michael's net earnings are $141.00 per two (2) weeks, equating to $305.00 net per month. Michael primarily resides with Mother. Michael is the beneficiary of SSI payments in the amount of $698.00 per month (N.T. 7). Mother is the representative payee for Michael with respect to his SSI benefits.

A Master's hearing was held on November 13, 2012 on the issues of child support, spousal support and APL. On January 18, 2013, the Master submitted a Recommendation which resulted in the Interim Order. The Master determined Mother's 2012 gross pay to a date shortly before his hearing, and he then arrived at an average of $5,919.43 gross per month. The Master then added Mother's $290 gross per month earned as a trust beneficiary, took Mother's tax filing status into account, and arrived at a net income per month of $4,623.17. Father's gross and net income from his job was determined in the same manner, resulting in a net income per month of $3,238.53. Neither party objected to, or excepted from, these net income figures.

The Guidelines prescribed under Pa.R.C.P. 1910.16-4, Part IV were then applied by the Master to arrive at a guideline amount of spousal support (the Master chose not to recommend an award for APL):

| | |
|---|---|
| Obligor's Net Monthly Income | $4,623.17 |
| Less All Other Support | 0 |
| Less Obligee's Net Monthly Income | 3,238.53 |

2

| | |
|---|---|
| Multiply by 40% | 40% |
| Amount of Basic Spousal Support | 553.86 |
| Adjustment for health ins. pd by Mother for Father | (11.77) |
| Total Amount of Spousal Support | $542.09 |

Thus, the guideline amount for spousal support was $542.00, as determined by the Master. When factored into the child support calculation, Mother's gross income was decreased by that amount, resulting in a net income per month for Mother for child support purposes of $4,242.46, and $3,645.10 for Father. The differential decrease and increase is legitimately explained by the differing tax effect of the spousal support, which is taxable to Father and deductible by Mother at different tax rates. Applying these uncontested incomes to the guidelines, the basic child support obligation ("BSO") as determined by the Master was $1,228.00.

The BSO is the amount which parents in intact families with a comparable number of children and incomes statistically spend on the average for that number of children. The method and recommended amounts flow from the economic studies which form the basis of the "Income Shares Model." See: Pa.R.C.P. 1910.16-1, Explanatory Comment - 2010:

> The Income Shares Model is based upon the concept that the child of separated, divorced or never-married parents should receive the same proportion of parental income that she or he would have received if the parents lived together. A number of authoritative economic studies provide estimates of the average amount of household expenditures for children in intact households. These studies show that the proportion of household spending devoted to children is directly related to the level of

3

household income and to the number of the children. The basic support amounts ... present average marginal expenditures on children for food, housing, transportation, clothing and other miscellaneous items that are needed by children...."

Pa.R.C.P. 1910.16-1, Explanatory Comment - 2010. Further, the guidelines are rebuttably presumed to reflect the correct amount of support. 23 Pa.C.S. § 4322(b); Pa.R.C.P. 1910.16-1 (d). Synthesizing these concepts, based upon economic studies, the BSO reflected by the guidelines is rebuttably presumed to reflect the correct amount of total necessary expenses, or financial need, of children who are beneficiaries of child support. In the present case, Michael's financial need is presumed to be the properly calculated BSO. As stated above, the Master determined Michael's BSO to be $1,228.00 per month.

Following the method prescribed at Pa.R.C.P. 1910.16-4, Part I, after proration of the BSO between the parents pursuant to their relative incomes, and after adding the amount of health insurance of $26.41 per month attributed to Michael, the Master determined that the guideline child support obligation owing from Father to Mother, before any deviation, was $593.87. Deviations from the guideline amounts are permitted so long as the guideline amount is specified and the reason for the deviation. Pa.R.C.P. 1910.16-5(a).

The Master found Father to be entitled to $542.00 per month in spousal support/APL, subject to no deviation, and that Mother was entitled to an equal amount of child support, with a net payment of zero (0) owing to each other. The Master recommended deviating on Mother's child support below the guideline amount of

4

$593.87 due to the fact that her paramour resided with her and contributed to Mother's household expenses. The Master's reduction from $593.87 to $542.00 was an 8.6% deviation.

Father filed Exceptions as follows:

(1) Asserting that the Master erred in awarding any child support;

(2) Asserting that the Master erred in not deviating more significantly on the child support which was recommended in the Interim Order;

(3) Asserting that the APL award should have been regarded as a spousal support award; and

(4) Asserting that the Master erred in failing to order a mortgage contribution per Rule 1910.16-6(e).

The Exceptions were only filed to the Divorce caption. Despite this apparent procedural error, which was recognized by the Court sua sponte, the Exceptions will be dealt with as if they were also filed to the child support caption for the following reasons:

1. The Exceptions clearly articulated an intent to except from the amount of child support which was recommended by the Master;

2. The initial brief filed on behalf fo Mother (prior to the caption issue being questioned by the Court) recognized that "[t]he only issue on appeal is whether a downward deviation from the amount of child support determined by the guidelines is appropriate in this case."

3. At argument, before the caption issue was questioned by the Court, Mother's counsel came fully prepared to argue against exceptions from the child support aspect of the Initial Order.

5

4. The Exceptions were filed with the Domestic Relations Office. As a result of the foregoing, there is no prejudice to Mother to review the appropriateness of the child support order, and thus, the caption error was a procedural error which did not effect the substantive rights of Mother. Procedural errors which are not prejudicial may be waived. Hoeke v. Mercy Hospital of Pittsburgh, 254 Pa.Super. 520, 386 A.2d 71 (1978); Pa.R.C.P. 126. To the extent that it is necessary, in the interest of justice and fairness, Father's Exceptions to the child support order are hereby accepted nunc pro tunc and leave is granted to amend the caption so as to add the child support docket number. See: Pa.R.C.P. 1910.12(f).

At argument, Mother's attorney stipulated to convert the APL claim to a spousal support claim, thus disposing of the third exception. Further, Father agreed to withdraw the fourth exception. The remaining exceptions are both in regard to the propriety and amount of child support.

At the Master's hearing, Mother testified that she lives with her paramour and it was admitted that he contributes to funding household expenses, including one-half (½) of the rent (N.T. 38). This could be, in the proper case, an appropriate factor justifying some deviation from the support guidelines. In the present case, since there are other offsets to the child support obligation, as will be seen below, it is the judgment of this Court that no downward deviation should be assessed due to Mother's paramour's contributions to the household expenses.

Mother testified that she provides for all of Michael's needs (N.T. 41), but she stated that the Social Security Administration limits her to reimbursing herself $241 per month for Michael's necessary expenses (N.T. 36). The purpose of SSI is to provide for

6

the necessaries of the beneficiary, including food, clothing and shelter.  See: Jameson and King, The Failure of the Federal Government to Care for Disabled Children: A Critical Analysis of the Supplemental Security Income Program, 20 Columbia Human Rights Law Review, 309 (1988); Hyatt, Legislation Allowing Disabled Beneficiaries to Collect SSI: Providing Disabled Americans the American Dream of Comfort, 6 Widener J. Pub. L. 1 (1996); and 42 U.S.C. §1381 et seq., and regulations promulgated thereunder.  Therefore, the information related by Mother, to the effect that she is only able to reimburse herself $241.00 per month for Michael's necessary expenses, must have been in error and is not accepted as credible, since Michael's benefit amount is calculated to provide for his necessary expenses.  It is not coincidental that necessaries are also that which are the intended object expenses for child support.  Melzer v. Witsberger, 505 Pa. 462, 480 A.2d 991 (1984).  See also: Rule 1910.16-1 Explanatory Comment 2010, as to the method or deriving the support Guidelines and as covering expenses for "food, housing, transportation, clothing, and other miscellaneous items that are needed by children...."

In DeWalt v. DeWalt, 365 Pa.Super. 280, 529 A.2d 508 (1987), the Pennsylvania Superior Court had occasion to discuss the treatment of an adult disabled person's income in an action for child support, speaking first to income earned by a child less than 18, and then differentiating the same from income earned by an adult disabled child:

> This obligation is unaffected by the independent resources of the child. As long as a parent is able to support his minor child, the child should not be forced to use his own funds to support himself. Sutliff, 339 Pa.Super. at 538, 489 A.2d at 771.
> A parent's obligation to support a child over the age of eighteen is a more

7

Circulated 10/30/2014 04:51 PM

complicated matter.
As this court has stated:

> [T]he presumption is when a child reaches majority the duty
> of the parent to support that child ends. Once the
> presumption arises, it is then incumbent upon the child to
> rebut the presumption. The duty to support the adult child
> continues where the child is physically or mentally feeble or
> otherwise unemployable. The adult child, however, has the
> burden of proving the conditions that make it impossible for
> her or him to be employed.

Verna v. Verna, 288 Pa.Super. 511, 515, 432 A.2d 630, 632 (1981)
(citations omitted).

> Because this duty is based upon the child's inability to be self-supporting,
> the court may consider the child's income in fashioning its award. The
> parent is only called upon to aid the child if he cannot aid himself. To the
> extent that he can aid himself, the parental contribution is unnecessary.
> The "reasonable needs" of a disabled adult child are those needs which he
> is unable to meet through his own efforts.

DeWalt v. DeWalt, 529 A.2d at 511. As a result of the foregoing, it is clear that

Michael's earnings must be directed to the provision of his necessary expenses.

More difficult is determining the proper treatment of Michael's SSI benefits. It is

recognized that Pa.R.C.P. 1910.16-2(b)(2) provides for a very structured and logical

formula for cases in which the child who is the subject of the child support receives

Social Security benefits as a result of a parent's retirement, death or disability.

Pa.R.C.P. 1910.16-2(b)(1), however, applies to the SSI benefits at issue in the present

case: "Neither public assistance nor Supplemental Security Income (SSI) benefits shall

be counted as income for purposes of determining support." In Landis v. Landis, 456

Pa.Super. 727, 691 A.2d 939 (1997), the Pennsylvania Superior Court dealt with

identical language in former Pa.R.C.P. 1910.16-5(q) (1993), and applied the same to

the question of the proper treatment of SSI benefits for purposes of child support. The

8

Superior Court held that it was proper to regard SSI benefits as "other income in the household," even though it is not to be used as income of the parties per former Rule 1910.16-5(q) and present Rule 1910.16-2(b)(1). In Landis, it was deemed proper to use the receipt of SSI as a basis for deviation from the Guidelines "when it is necessary to avoid an unjust or inappropriate result." Landis, 691 A.2d at 941. In Landis, it was recognized that SSI benefits are available to pay for necessary expenses in the household, and that, once a deviation is justified, the amount of the deviation is within the trial Court's discretion. Landis, 691 A.2d at 943.

In the present case, the guidelines begin with a spousal support amount of $542.00 from Mother to Father, and a child support amount of $593.87 from Father to Mother. Mother did not except from this determination of spousal support. Neither party excepted from the attribution of incomes, therefore, the Master's determination of the child support generated by application of the guidelines, in the amount of $593.87, with its BSO of $1,228.00, is affirmed. Michael's income should be used first to bear his support needs, thus reducing the BSO to $923.00. See: DeWalt, supra. As a further deviation, to avoid an unjust and inappropriate result, it is the judgment of this Court that Michael's SSI benefits should be applied to his remaining necessary living expenses, further reducing the BSO to $225.00 per month. It is this amount which would remain unfunded and would need to be prorated between the parties. Since Father earns 46.21% of the relative net earnings of the parties, the child support amount should be $103.97 per month.

9

## ORDER

AND NOW, to-wit, on this 3rd day of May, 2013, after argument on Exceptions from Special Master's determination of January 18, 2013, and pursuant to the rationale expressed in the foregoing Opinion, it is hereby ORDERED as follows:

1. Leave is hereby granted nunc pro tunc to amend the caption on the Exceptions filed by Keith C. Rine so as to include the child support caption on the Exceptions.

2. The alimony pendente lite aspect of the January 18, 2013 Order is hereby modified to an order of spousal support.

3. The Order of January 18, 2013 is hereby revised to order that Keith C. Rine is otherwise liable to Ann P. Rine in the amount of $103.97 per month in child support. Ann P. Rine is liable to Keith C. Rine in the amount of $542.00 per month in spousal support. The net difference, after offset, of $438.03 per month shall be paid from Ann P. Rine to Keith C. Rine. Ann P. Rine shall pay twenty ($20.00) dollars per month on account of any arrears owing. The effective date shall be October 16, 2012.

4. All other provisions of the Order of January 18, 2013 shall remain in full force and effect.

5. The cost of production of the transcript in the amount of $140.00 shall be paid one-half by each party within thirty (30) days after the date of this Order.

BY THE COURT:

_____ , J.
HONORABLE GARY E. NORTON, J.