J-A10012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| R.L.H. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| H.S. | |
| Appellee | No. 1371 MDA 2014 |

Appeal from the Order Entered July 15, 2014
In the Court of Common Pleas of York County
Domestic Relations at No(s): 01041 SA 2007

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 18, 2015**

R.L.H. ("Mother") appeals from the order entered in the York County Court of Common Pleas directing the conference officer to recalculate the child support obligations of H.S. ("Father").  We affirm.

In its July 14, 2014 opinion, the trial court accurately sets forth the relevant facts of this case.  Therefore, we have no reason to restate them.

On July 15, 2014, the trial court ordered the conference officer to recalculate support obligations.  On August 13, 2014, Mother timely filed a notice of appeal.  On August 18, 2014, the court ordered Mother to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).  On August 22, 2014, the trial court granted Mother's request for an extension of time and allotted her an additional thirty (30) days to file her

Rule 1925(b) statement.[1]  On October 7, 2014, Mother timely filed her Rule 1925(b) statement.  On October 8, 2014, the court issued an opinion pursuant to Pa.R.A.P. 1925(a) and incorporated by reference its July 14, 2014 opinion.

Mother raises the following issues for our review:

> [WHETHER] THE DOMESTIC RELATIONS COURT ERRED BY HOLDING [FATHER] TO HIS CURRENT EARNINGS AS A TECHNICIAN WHEN TECHNICIANS EARN LESS THEN WHAT INSTALLERS EARN AND [FATHER] VOLUNTARILY CHOSE TO MOVE TO A TECHNICIAN POSITION FROM AN INSTALLER WITHOUT JUST CAUSE AND KNOWING THE TECHNICIAN POSITION WOULD NOT PAY PREVAILING WAGES[?]
>
> WHETHER THE DOMESTIC RELATIONS COURT ERRED BY NOT INCLUDING ALL PERQUISITES [FATHER] WAS/IS RECEIVING AS INCOME PURSUANT TO THOSE PERQUISITES WHICH ARE HELD TO BE INCOME BY LAW[?]
>
> WHETHER THE DOMESTIC RELATIONS COURT ERRED BY NOT INCLUDING ALL THE RENTAL AND EXPENSE INCOME PROVIDED TO [FATHER] FROM HIS PARAMOUR AS INCOME FOR THE PURPOSE OF CALCULATING CHILD SUPPORT[?]

Mother's Brief at 4.

Our standard of review of child support orders is as follows:

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground.  We will not

---

[1] We note that the court's August 21, 2014 order that granted Mother's request for an extension of time extended her original time of twenty-one (21) days by an additional thirty (30) days, such that she had fifty-one (51) days from the August 18, 2014 order to file a timely Rule 1925(b) statement.

interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

**Kimock v. Jones**, 47 A.3d 850, 854 (Pa.Super.2012) (quoting **Brickus v.**

**Dent***,* 5 A.3d 1281, 1284 (Pa.Super.2010)). Additionally,

[a]n award of support, once in effect, may be modified *via* petition at any time, provided that the petitioning party demonstrates a material and substantial change in their circumstances warranting a modification. **See** 23 Pa.C.S. § 4352(a); **see also** Pa.R.C.P. 1910.19. The burden of demonstrating a "material and substantial change" rests with the moving party, and the determination of whether such change has occurred in the circumstances of the moving party rests within the trial court's discretion. **See** **Bowser v. Blom***,* 807 A.2d 830 ([Pa.]2002).

**Summers v. Summers**, 35 A.3d 786, 789 (Pa.Super.2012) (quoting

**Plunkard v. McConnell***,* 962 A.2d 1227, 1229 (Pa.Super.2008)).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Joseph C. Adams, we conclude Mother's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. **See** Trial Court Opinion, filed July 14, 2014, at 3-5, 7-12 (finding: (1) Father's income for support obligation properly based on actual earnings as a technician, his promotion offers increased opportunities for

- 3 -

advancement and provides more job security; (2) employer-provided perquisites such as cell phone stipend, use of company vehicle and Marriott Rewards credit card were negligible and should not be included in income, the purchase of stock at market value through employer is not a stock option, dividends paid on stock and employer contribution to Father's 401(k) were properly included as Father's income; (3) both parties receive significant household contributions from other parties, $200 per month is appropriate addition to Father's income to reflect contributions of paramour). Accordingly, we affirm on the basis of the trial court's opinion.

 Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2015

# IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
## FAMILY DIVISION

| | | |
|---|---|---|
| R███ L. H█████, | : | **Case No: 01041 SA 2007** |
| **Plaintiff** | : | |
| | : | |
| v. | : | **PACSES Case ID: 654109126** |
| | : | |
| H████████ S████, | : | |
| **Defendant** | : | **ACTION IN SUPPORT** |

Appearances:

    For the Plaintiff:    Autumn A. Walden, Esq.
        York County Domestic Relations Staff Attorney
        45 N. George St., 2nd Floor
        York, PA 17401

    For the Defendant:    Nora F. Blair, Esq.
        5440 Jonestown Road
        P.O. Box 6216
        Harrisburg, PA 17112

## OPINION

This matter is before the Court upon Plaintiff's request for De Novo Review of the Support Order of February 27, 2013. The disputed issues include (1) whether or not Plaintiff is disabled, (2) whether Plaintiff should be required to file for Social Security disability benefits, (3) whether Defendant's income should be based on prevailing wage rates, (4) whether various perquisites provided to Defendant by his employer should be considered income for support purposes, (5) whether Defendant's support obligation should be increased due to household contributions of a third party, and (6) whether there is a disparity in income sufficient for the Court to adjust the support obligation.

1

(4)

## PROCEDURAL HISTORY

Plaintiff initiated the present matter by filing a Complaint for Child Support on April 26, 2007. A conference was held on October 4, 2007, and the Complaint was dismissed. A second Complaint for Child Support was filed on September 25, 2008. An Agreement for Child Support was entered as an Order on November 21, 2008. A modification conference was held on January 3, 2011, and the request for modification dismissed on February 4, 2011. A modification conference was held on November 14, 2012, and an Order was entered on November 29, 2012. A conference was scheduled for February 26, 2013, and an Order was entered on February 27, 2013. On March 12, 2013, a de novo review was scheduled for April 4, 2013. On March 28, 2013, a special hearing was scheduled for May 28, 2013, and rescheduled later to June 10, 2013, and then rescheduled to August 18, 2013.[1]

A de novo support hearing was held on August 19, 2013, and continued on September 12, 2013, March 17, 2014, and April 4, 2014. The Court heard testimony from Plaintiff, Defendant, Dr. Gerri Steele (Defendant's girlfriend), Judith Hummel (Regional Human Resources Manager at TransCore, LP), Kimberly Dobson (Payroll Manager at TransCore, LP), Nicholas Zingone (Human Resources Generalist at TransCore, LP), Karen Horton (Deputy General Manager at TransCore, LP, and Plaintiff's sister), Lisa Smith (Deputy General Manager at TransCore, LP), psychologist Dr. Virginia Hart, endocrinologist Dr. Rena Dearment, and internist Dr. Alan J. Sweeney.

---

[1] This matter was originally assigned to the Honorable Sheryl Ann Dorney and reassigned to this Court in August 2013 due to Judge Dorney's retirement.

2

## SUMMARY OF FACTS

Plaintiff R▮▮▮ L. H▮▮▮ and Defendant H▮▮▮▮▮ S▮▮ are the natural parents of one minor child. Plaintiff has primary physical custody with Defendant entitled to forty-three percent custody.

Defendant works for TransCore, LP, as a technician maintaining the EZ Pass system of the Pennsylvania Turnpike. During the parties' marriage, he worked for TransCore as an installer and was paid according to prevailing wage rates. Prevailing wages range from approximately $30-70 per hour, depending on location. Hr'g. Tr. 45:1-19 Mar. 17, 2014 (hereinafter "Third Hearing"). His regular hourly wage rate as a technician is just over $21, a slight reduction in income from his wages as an installer.

Plaintiff claims that she is disabled and should be held to the income she receives from her medical disability retirement from her previous employment. Defendant argues that, if Plaintiff is disabled, she should file for Social Security disability benefits. Plaintiff argues that Social Security disability benefits would increase her income by only $80 per month while increasing medical expenses for her and the child by considerably more than that amount. Plaintiff also avers that Defendant should be held to higher earnings than the determination made by the Conference Officer for two reasons: (1) Plaintiff alleges that Defendant has the opportunity to accept work that pays prevailing wage rates significantly higher than his base rate, but he chooses not to accept work at prevailing wage rates; and (2) Plaintiff alleges that Defendant receives perquisites that

3

should be considered income for child support purposes, including a company vehicle, cell phone stipend, Marriott Rewards credit card, stock options, and 401(k) contributions. Plaintiff also avers that Defendant's support obligation should be increased due to household contributions by his girlfriend, Dr. Gerri Steele, with whom Defendant lives. Lastly, Plaintiff avers that there is a huge disparity in income between the parties such that the Court should grant a deviation from the guideline amount based on the best interests of the child.

## LEGAL ANALYSIS

Awards of child support are determined by guidelines based on the "reasonable needs of the child" and the ability of the obligated parent to provide support. 23 Pa.C.S.A. 4322. In Pennsylvania, the guideline range for support is based on the net monthly incomes of the parties. Pa.R.C.P. 1910.16-2(c). In calculating support, the Court must consider "income from all sources." *Hyde v. Hyde*, 618 A.2d 406 (Pa.Super. 1992). Sources of income that must be considered include:

(1) Wages, salaries, bonuses, fees and commissions;

(2) Net income from business or dealings in property;

(3) Interest, rents, royalties, and dividends;

(4) Pensions and all forms of retirement;

(5) Income from an interest in an estate or trust;

4

(6) Social Security disability benefits, Social Security retirement benefits, temporary and permanent disability benefits, workers' compensation and unemployment compensation;

(7) Alimony if, in the discretion of the trier of fact, inclusion of part or all of it is appropriate, and

(8) Other entitlements to money or lump sum awards, without regard to source, including lottery winnings, income tax refunds, insurance compensation or settlements; awards and verdicts; and any form of payment due to and collectible by an individual regardless of source.

Pa.R.C.P. 1019.16-2(a).

If the Court finds that a party has willfully failed to obtain or maintain appropriate employment, it may impute to that party an income equal to his or her earning capacity, taking into consideration the party's "[a]ge, education, training, health, work experience, earnings history and child care responsibilities." Pa.R.C.P. 1910.16-2(d)(4).

The Court may deviate from the guideline amount if deviation is in the best interest of the child. The net income of other members of a party's household may support a deviation, to the extent that the party's expenses are lessened by the contribution of the third party. See *McCarty v. Smith*, 655 A.2d 563 (Pa. Super. 1995). The Court may also consider, "where the incomes of the parents differ significantly...whether deviating from the support guidelines is appropriate" for this reason alone. *Colonna v. Colonna*, 581 Pa. 1 (2004).

**Is Plaintiff disabled for purposes of determining her earning capacity?**

In determining a reasonable earning capacity for purposes of support, the Court must consider the health of a party. Plaintiff avers that she suffers from severe anxiety, and that she is disabled from retaining full-time employment as a result.

Dr. Hart testified that she has treated Plaintiff as a psychologist for major depressive disorder recurrent severe and post-traumatic stress disorder since March 5, 2013. Hr'g. Tr. 24:4-7 Aug. 19, 2013 (hereinafter "First Hearing"). She also stated that she does not make determinations as to disability. *Id.* at 24:9-14. Dr. Dearment testified that she has treated Plaintiff as an endocrinologist for over 10 years, and that Plaintiff suffers from Grave's disease. *Id.* at 34:13-14. She indicated that the disease may contribute to increased anxiety based on overproduction of thyroid hormone, but that Plaintiff's levels of the hormone have been stable for years due to medication. *Id.* at 34:17-20; 39:8-17. Dr. Sweeney testified that he has been treating Plaintiff as an internist since 2007 for a variety of issues, and that most of these issues were stress-related. *Id.* at 52:23-24. Drs. Dearment and Sweeney signed disability forms stating that Plaintiff is fully disabled. Pl.'s Ex. E.

Upon review of the testimony of Drs. Hart, Dearment, and Sweeney, the Court agrees with Plaintiff's treating physicians' findings that Plaintiff is disabled. During the course of the proceedings, the Court also observed that Plaintiff suffered from anxiety which would preclude any type of employment.

**Should Plaintiff be required to file for Social Security disability benefits?**

6

Defendant avers that, if Plaintiff is disabled, she should file for Social Security disability benefits to increase her income. Plaintiff does not deny that she is eligible for the program and admits that her income would increase by $80 per month if she filed for benefits. Hr'g. Tr. 45:6-11 Apr. 4, 2014 (hereinafter "Fourth Hearing"). However, Plaintiff argues, the increase in income would be accompanied by a loss of her current insurance, and a subsequent increase in medical expenses for her and the child by considerably more than $80 per month. *Id.* at 19:17-19.

Potential consequences of filing for benefits not withstanding, the Court is unaware of any law granting authority to compel a party to make a claim for disability benefits. Therefore, the Plaintiff is not required to file for Social Security disability benefits. Moreover, the Court will not assign this as income to Plaintiff. Plaintiff testified that she would have to go on Medicare and would lose her low cost life insurance. The Court finds this explanation adequate in not assigning Plaintiff additional income through Social Security disability.

### Should Defendant's income be based on prevailing wage rates?

It is undisputed that, in August 2013, Defendant was promoted within TransCore from an installer to a technician, and his hourly wage rate increased from $17.6988 per hour to $21.1988 per hour. It is disputed, however, that this change affected Defendant's ability to accept work at higher prevailing wage rates. Plaintiff contends that the decline in prevailing wage work performed by the Defendant is by Defendant's own choice, and that he should therefore be held to an earning capacity based on his previous work at

7

prevailing wage rates. Defendant contends that, due to his promotion from installer to technician, he is now working under contracts that are not paid at prevailing wage rates, and should not be held to an earning capacity based on those prevailing wages.

Defendant testified that he accepted the position as a technician because it is considered a promotion, offers increased opportunities for advancement, and provides more job security. *Id.* at 66:6-11; 65:18-22. Karen Horton testified that the availability of prevailing wage work is declining, and Defendant has a limited ability to accept such work as a result of the commitment under his contract as a technician. Third Hearing at 47:11-48:14. These statements were echoed by Lisa Smith, who testified that prevailing wage work has decreased significantly since the EZ Pass system was completed. *Id.* at 71:23-72:13. She also stated that there were no projects paid at prevailing wages in 2013 that Defendant voluntarily chose not to work on. *Id.* at 69:18-20.

Given the reasons for Defendant's acceptance of the technician position and the lack of availability of prevailing wage work for technicians, the Court finds that it would be inappropriate to base Defendant's income on prevailing wage rates.

### Should perquisites provided by Defendant's employer be considered income for support purposes?

Perquisites may be considered income for support purposes if they reduce a party's expenses. Plaintiff alleges that Defendant receives perquisites that should be considered, including a company vehicle, cell phone stipend, Marriott Rewards credit card, stock options, and 401(k) contributions.

8

Defendant is permitted to use a company van for personal use but must pay $30 every two weeks for its use. *Id.* at 74:18-20. He testified that he generally uses it for business purposes, pays for his own gas, and that he and his girlfriend each own a personal vehicle for use. Hr'g. Tr. 32:3-9; 41:14-19 Sept. 12, 2013 (hereinafter "Second Hearing"). Therefore, the Court finds that any benefit provided to Defendant through the use of a company vehicle is negligible.

Defendant has received a $90 per month stipend for a cell phone. However, his cell phone bill is $220 per month, which includes the child's cell phone, and he uses the phone for both personal and business purposes. *Id.* at 35:15-36:3. Because Defendant pays a significant portion of his cell phone bill and uses it for business, the Court believes that it would be inappropriate to conclude that his personal expenses are lessened by the stipend.

TransCore provides Defendant with a Marriott Rewards credit card for personal and business-related expenses, and he is entitled to the rewards bonuses for use of the card. Fourth Hearing at 75:6-77:3. Defendant pays a $100 annual fee for use of the card. The Court believes that the benefit to Defendant is minimal and should not be included in the support calculation.

Defendant may purchase stock through a payroll deduction. Plaintiff is correct that vested stock options are "compensation for services," and therefore income for support purposes in Pennsylvania. See *MacKinley v. Messerschmidt*, 814 A.2d 680 (Pa. Super. 2002). However, the mere purchase of stock at market value through an employer

9

is not a stock option. Because TransCore does not add to Defendant's income by enabling a stock purchase, the ability to purchase stock through a payroll deduction is irrelevant to his income for support purposes. Second Hearing at 60:13-16. However, dividends paid on stock owned by Defendant are considered income, and Defendant received $322 in dividends from his stock in 2013. See Def.'s Ex. 6. This amount shall be included as income to Defendant.

TransCore matches Defendant's contribution to his 401(k) of up to 4% of his salary at a 50% rate. Employer contributions to a 401(k) are considered income for support purposes if the employee is able to access them, less imputed income taxes and early withdrawal penalties. See *Portugal v. Portugal*, 798 A.2d 246 (Pa. Super. 2002). As of January 30, 2014, Defendant had $141,778.93 in his 401(k) and was contributing at least 4% of his salary. Third Hearing at 31:5-6. However, there is a 10% penalty on early distribution. TransCore's contributions to Defendant's 401(k) should be considered for support purposes accordingly. The conference officer shall calculate this contribution based on Defendant's income of $67,113, taking into consideration a 10% penalty and Defendant's tax bracket.

### Should Defendant's support obligation be increased due to household contributions of a third party?

Defendant lives with his girlfriend, Dr. Gerri Steele, who testified that she contributes about $1,000 per month to household expenses. Second Hearing at 7:13-21. Plaintiff testified that she rents her home from her sister, and that her sister does not

10

always collect the rent on time. Fourth Hearing at 25:5-7. Plaintiff also stated that she previously split the rent with her mother, who temporarily resided with her in her sister's home. *Id.* at 21:23-22:1. Although both parties receive significant household contributions from other parties, Defendant benefits more from the contributions of Dr. Steele than Plaintiff does from any member of her household. Accordingly, the Court finds that it is appropriate to add $200 per month to Defendant's income based on the contributions of Dr. Steele.

### Is there a disparity in income sufficient for the Court to adjust Defendant's support obligation for this reason alone?

The Court may deviate from the guideline amount where there is a significant disparity of income between the parties. The Supreme Court has directed that trial courts must consider whether the non-custodial parent has sufficient assets to provide the child with "appropriate" housing and amenities during his or her custodial time. *Colonna*, 855 A.2d at 652. The determination of appropriateness is left to the discretion of the trial court. *Id.*

The Court believes that Plaintiff is able to adequately provide for the needs of the child, as indicated by her own testimony. There is no indication that Plaintiff cannot provide an environment that resembles the one which may be provided by Defendant, such that it would be in the best interests of the child to grant a deviation. Therefore, the disparity in income between Plaintiff and Defendant is not so significant as to warrant a deviation.

11

## CONCLUSION

After review of the documents and testimony provided, the Court finds that: (1) Plaintiff is disabled, (2) Plaintiff cannot be required to file for Social Security disability benefits, (3) Defendant's income should not be based on prevailing wage rates, (4) Defendant's income should be adjusted for 401(k) contributions of his employer, (5) Defendant's income should be adjusted due to household contributions of his girlfriend, and (6) there should be no deviation from the guideline amount based on a disparity of income between the parties. The Court will remand the support calculation matter to Domestic Relations to account for these changes and to reflect Defendant's new wage rate.

BY THE COURT,

_____
JOSEPH C. ADAMS, JUDGE

**Dated: July 14, 2014**

12

# IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
## FAMILY DIVISION

| | | |
|---|---|---|
| **ROBIN L. HORTON,** | : | **Case No: 01041 SA 2007** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **PACSES Case ID: 654109126** |
| | : | |
| **HARGURPREET SINGH,** | : | |
| **Defendant** | : | **ACTION IN SUPPORT** |

## ORDER

The Conference Officer shall recalculate the support obligation based on the following: Plaintiff's income is correct as calculated; Defendant's income shall include his W-2 wages of $67,113, interest income at $83, dividends at $322, employer's 401(k) contribution less 10% penalty and taxes based on Defendant's tax bracket, and $200 per month for Defendant's girlfriend's contribution to the household expenses. This Order is retroactive to the date of filing.

**BY THE COURT,**

JOSEPH C. ADAMS, JUDGE

JUL 15 2014 COURT ORDER DMB