J-A08028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| M.P.S. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| T.J.S. | |
| Appellee | No. 1340 MDA 2014 |

Appeal from the Order of July 9, 2014
In the Court of Common Pleas of Lycoming County
Civil Division at No.: 2010-20828

BEFORE:  SHOGAN, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED JUNE 05, 2015**

M.P.S. ("Husband") appeals the July 9, 2014 order that dismissed his exceptions to an April 15, 2014 child support order.  We affirm.

A prior panel of this Court summarized the procedural history as follows:

> The parties were married on January 3, 2003, and divorced on October 13, 2010.  Pursuant to the divorce, Husband and [T.J.S. ("Wife")] executed a property settlement agreement on July 1, 2010.  This agreement dealt with, *inter alia*, the distribution and division of various marital assets, mortgage payments for the family residence, custody of the parties' three minor children, and support.  The agreement was incorporated but not merged into the divorce decree.  The parties agreed that they would share legal custody of the children and Husband "would always have the children for at least 51% of the time and [Wife's] time

_____

[*]    Retired Senior Judge assigned to the Superior Court.

with the children shall not exceed 49%."[1]  Property Settlement Agreement, 7/1/2010, at 9 ¶8(A) and (B).  The agreement further provided:

6. EQUITABLE DISTRIBUTION

(A) Real Property.  The  jointly owned real estate of the parties situate at 105 West Penn Street, Muncy, Lycoming County, Pennsylvania, and more particularly described and recorded in Deed Book 6652, page 139, shall be conveyed to Husband, and become the sole and exclusive property of Husband.  Wife specifically waives, sets over, transfers and assigns all of her right, title and interest in said property to Husband.  Wife agrees to execute [any] and all written instruments, including deeds, as may be necessary to effectuate this clause.

The Mortgage currently existing on the property in Muncy, Pennsylvania, in favor of Wells Fargo Bank, N.A. shall be the sole and exclusive responsibility of Husband. However, Wife shall pay to Husband the sum of Six Hundred Dollars ($600.00) monthly to assist with the mortgage obligation.  Said monthly payments are to continue until the youngest of the parties' children attains the age of eighteen (18) years or graduates from high school, whichever occurs last.  The parties agree that Wife's payments to Husband shall be in lieu of child support. . . .

* * *

9. CHILD SUPPORT, HEALTH INSURANCE AND TAX EXEMPTIONS.  The parties agree that Wife shall have no child support obligation, in light of the provisions of paragraph 6(A) above.  It is further agreed that Husband shall continue to carry health insurance on the parties' children as long as the premium is reasonable in comparison to Husband's net monthly income.  Husband shall claim all of the parties' children on his income tax return for 2010 and for all future years.

---

[1]    Pursuant to a March 14, 2013 order, the parties currently share physical custody equally.

- 2 -

Property Settlement Agreement, 7/1/2010, at 5 ¶6(A), and at 15 ¶9.

On February 25, 2011, Husband filed a Complaint in Support requesting that Wife pay child support for the three minor children. A hearing before a domestic relations conference officer was held on March 21, 2011. The court, adopting the recommendation of the conference officer, entered an order on March 22, 2011, dismissing the complaint without prejudice, due to the parties having equal income and 50/50 custody of the children.

On October 26, 2011, Wife filed a petition to interpret the property settlement agreement, requesting that the court determine whether, in light of the child support determination rendered on March 22, 2011, she should have to continue to pay the $600 monthly mortgage payment to Husband. Specifically, Wife requested that the court determine if the monthly payments are in lieu of child support or if the payments stand separate from child support as part of the property distribution. Wife further requested that if the trial court determined that the $600 payment was in lieu of child support that the payment be vacated due to the determination made by the Domestic Relations Officer that Husband was due no support.

Husband filed a response to Wife's petition alleging that the agreement is a valid contract between the parties and not modifiable by the court. . . .

. . . The trial court determined that the monthly payments toward the mortgage replaced any child support obligation due and owing by Wife. The court then reasoned that because "[p]arents are not permitted to bargain away child support . . . [p]rovision 6(A) of the [a]greement violates public policy." Trial Court Opinion, 11/15/2011, at 5.

**[M.P.S.] v. [T.J.S.]**, 2193 MDA 2011, at 1-4 (Pa. Super. Dec. 17, 2012) (footnote omitted).

On December 17, 2012, this Court agreed with the trial court that the $600 monthly payment constituted child support, but concluded that the agreement did not violate public policy because Wife had agreed to an

amount in excess of what the law required. Therefore, the agreement was valid and did not prejudice the children's welfare. *Id.* at 12. However, because Wife had sought only to interpret the agreement and had not pled a change in circumstances sufficient to permit the trial court to consider modification, this Court held that the trial court had erred in eliminating Wife's payment. Therefore, we reversed the order and remanded for further proceedings. *Id.* at 13.

Upon remand, on February 14, 2013, Wife filed a petition to modify child support, in which she alleged that the parties' incomes had changed since the 2010 agreement. Wife also sought retroactivity beyond the filing date as the appeal had deprived the trial court of jurisdiction to address a modification earlier. On February 22, 2013, Husband filed a petition to enforce the property settlement agreement, alleging that Wife had not paid the $600 monthly as agreed.

On March 18, 2013, Husband filed preliminary objections to Wife's petition to modify support, in which he alleged that the agreement was not modifiable. On May 15, 2013, the trial court dismissed those objections, finding that the child support provision was modifiable pursuant to 23 Pa.C.S.A. § 3105(b) which states that "[a] provision of an agreement regarding child support . . . shall be subject to modification by the court upon a showing of changed circumstances." The trial court ordered a hearing before a hearing officer on Wife's modification petition.

After several days of hearings, on April 21, 2014, the hearing officer found that the parties' incomes had changed and that, as of 2011, Husband had a greater income than Wife. The hearing officer also found that Husband had filed a petition to reopen child support on December 29, 2011, which was still pending. Therefore, the hearing officer set the child support order retroactive to December 29, 2011. The hearing officer found that for all relevant periods, Husband owed support to Wife.

On May 13, 2014, Husband filed exceptions. On July 9, 2014, the trial court dismissed Husband's exceptions. On August 7, 2014, Husband filed a notice of appeal. On August 19, 2014, the trial court ordered Husband to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Husband timely complied. The trial court filed its opinion pursuant to Pa.R.A.P. 1925(a).

Husband raises the following issues in his appeal:

Whether the Trial Court erred in its:

(a)  Finding a substantial and material change in circumstances in the parties' income;

(b)  [F]ailing to include Mother's contractual obligation to pay $600 per month support; and

(c)  [F]inding the agreed amount prejudiced the child[ren]'s welfare.

Husband's Brief at 4.

Our standard of review is well-settled:

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be

- 5 -

sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

**Brickus v. Dent**, 5 A.3d 1281, 1284 (Pa. Super. 2010).

Husband first argues that the trial court erred in finding that there had been a material and substantial change in circumstances. Husband contends that the income differentials were not sufficiently substantial to justify a modification. Husband's Brief at 10-11.

The difficulty that we have in reviewing Husband's contentions is that there is no transcript in the certified record from the support hearing. As we stated in **Commonwealth v. Preston**:

The fundamental tool for appellate review is the official record of the events that occurred in the trial court. To ensure that an appellate court has the necessary records, the Pennsylvania Rules of Appellate Procedure provide for the transmission of a certified record from the trial court to the appellate court. The law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal. Thus, an appellate court is limited to considering only the materials in the certified record when resolving an issue. In this regard, our law is the same in both the civil and criminal context because, under the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record.

904 A.2d 1, 6 (Pa. Super. 2006) (citations omitted). Without a transcript, we cannot determine the scope of the evidence received by the hearing

- 6 -

officer or conduct an independent review of the evidence. Specifically addressing missing transcripts, we held that:

> With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P.1911(a). . . . When the appellant or cross-appellant fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review. It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts.
>
> In the absence of specific indicators that a relevant document exists but was inadvertently omitted from the certified record, it is not incumbent upon this Court to expend time, effort and manpower scouting around judicial chambers or the various prothonotaries' offices of the courts of common pleas for the purpose of unearthing transcripts, exhibits, letters, writs or PCRA petitions that well may have been presented to the trial court but never were formally introduced and made part of the certified record. If, however, a copy of a document has been placed into the reproduced record, or if notes of testimony are cited specifically by the parties or are listed in the record inventory certified to this Court, then we have reason to believe that such evidence exists. In this type of situation, we might well make an informal inquiry to see if there was an error in transmitting the certified record to this Court. . . . An appellant should not be denied appellate review if the failure to transmit the entire record was caused by an "extraordinary breakdown in the judicial process." However, if the appellant caused a delay or other problems in transmitting the certified record, then he or she is not entitled to relief and the judgment of the court below should be affirmed.

*Id.* at 7-8 (citations omitted).

As the appellant, it is Husband's responsibility to provide a complete record so that we may review thoroughly the issues before us. *Id.* at 7.

Here, there is no indication that the transcripts were ever ordered. Neither the trial court nor the parties cite to any transcripts in the opinion or the briefs. No transcript request form is appended to the notice of appeal. The docket contains no notations that transcripts were filed. Therefore, we have no reason to believe that the transcripts exist or that a remand would demonstrate anything beyond Husband's failure to comply with the rules.

> This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. This requirement is not a mere "technicality" nor is this a question of whether we are empowered to complain *sua sponte* of *lacunae* in the record. In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.

*Id.* at 7 (citation omitted). Without a transcript, we cannot determine if the evidence supports the court's decision or if "the judgment exercised is shown by the record to be manifestly unreasonable or the product of partiality, prejudice, bias or ill will." *Brickus*, 5 A.3d at 1284. While neither the parties nor the trial court remark upon the lack of a transcript, we are constrained to find this first issue waived because it cannot be resolved without reference to the transcript.[2] *See Commonwealth v. Houck*, 102 A.3d 443, 456 (Pa. Super. 2014) ("When the appellant . . . fails to conform

---

[2]  Without a transcript, it is unclear how the trial court met its obligation "to conduct a complete and independent review of the evidence when ruling on exceptions." *Sirio v. Sirio*, 951 A.2d 1188, 1196 (Pa. Super. 2008). However, we must find Husband's issues waived and are constrained to affirm the trial court.

to the requirements of [the rules requiring transcripts to be ordered], any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." (citation omitted, ellipsis in original)).

Husband's third issue must fail for the same reason. Husband argues that there was no prejudice because Mother did not prove that paying the $600 per month obligation would leave her unable to meet the needs of the children. Husband's Brief at 11-13. The only way to determine whether Mother proved prejudice would be to review the transcript of the hearing. Father has not produced that transcript. Therefore, we must find this issue waived.

We must also find Husband's second issue waived, albeit for different reasons. First, Husband purported to raise the claim that the trial court erred by failing to include Wife's contractual obligation of support. However, Husband devotes three sentences to this entire argument, and cites no legal authority to support any point. Husband's Brief at 11. Husband did not develop a legal argument; accordingly, this issue is waived. **_See Commonwealth v. Antidormi_**, 284 A.3d 736, 754 (Pa. Super. 2014). Second, within this section of his brief, Husband introduces a new issue: whether the support order's retroactive date was appropriate. Husband's Brief at 11. However, we must find this issue waived as well because Husband did not include it in his concise statement. **_See Lineberger v. Wyeth_**, 894 A.2d 141, 148 (Pa. Super. 2006) ("An appellant's failure to

include an issue in his [Rule] 1925(b) statement waives that issue for purposes of appellate review.").

Finding that all of Husband's issues are waived, we affirm the trial court's order.

Order affirmed.

Judge Shogan joins the memorandum.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/2015