J-S25021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| HEATHER R. ADAMIETZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES TERMINE | : | |
| | : | |
| Appellant | : | No. 232 EDA 2024 |

Appeal from the Order Entered December 14, 2023
In the Court of Common Pleas of Montgomery County Domestic Relations
at No(s): 2023-DR-00221,
PACSES: 917301968

BEFORE: DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY McLAUGHLIN, J.:        **FILED OCTOBER 25, 2024**

Charles Termine ("Father") appeals from the order denying his exceptions to the recommendation of the support hearing officer, making final the court's prior interim order awarding child support to Heather R. Adamietz ("Mother"). We affirm.

In February 2023, Mother filed a complaint for support against Father as to their eight-year-old child. On May 2, 2023, the parties were ordered to appear at a support hearing on August 10, 2023 before a support hearing officer. **See** Order of Court, May 2, 2023, at 1. The May 2, 2023 order stated, "If you fail to appear for the conference/hearing or to bring the required documents, the court may issue a warrant for your arrest and/or enter an interim support order." **Id.** at 2. While Mother appeared at the hearing, Father failed to appear.

At the hearing, the hearing officer took testimony from Mother and subsequently made the following findings of fact:

- Father was employed for Norristown Borough.

- Per his earning subpoena, he earned $21.26 per hour; 40 hours per week.

- Mother testified that Father told her that he had been fired.

- Father is 54 years old.

- His education level is unknown but it is known that he did have a [commercial driver's license ("CDL")].

- Father has a criminal record. His most recent incarceration was for 5 years and he was released in either 2019 or 2020.

- Father has transportation.

- Father has a drug and alcohol abuse history.

- Father was held to an earning capacity from his last known wages; since it appears that he was fired for cause. **See** 1910.16-2 (d)(1)(ii).

- Father was paying Mother directly $100.00 bi-weekly until April 29, 2023.

- [Father's] income with a Federal Income Tax filing status Single with 1 exemption[] results in [Pennsylvania Automated Child Support Enforcement System] calculated net monthly income equal to $2,973.00.

Findings of Fact, dated 8/15/23, at 1-2.

In support of these findings, the hearing officer relied on a January 2023 Earnings Statement for Father showing that he worked full time at the pay rate of $21.2695 per hour for the Municipality of Norristown. **See** N.T., 8/10/23, at 9, Ex. C-1. The hearing officer also relied on Father's 2022 W-2 and Earning Summary showing that Father earned $4,500.22 in 2022 while

employed by the Municipality of Norristown. ***See id.*** at Ex. C-2. These exhibits were obtained by a subpoena by the Montgomery County Domestic Relations Office and were entered into evidence by the hearing officer at the support hearing.

The hearing officer recommended that Father be ordered to pay $610 per month in support to Mother effective February 6, 2023 and that Father receive a credit for direct payments of $600.00 (12 weeks from date of filing through April 29, 2023 at $50.00 per week). ***See*** Recommendation & Order, dated 8/15/23, at 2. Father was also to pay Mother $61.00 per month in arrears. The court accepted the hearing officer's recommendation and entered an order in accordance with the recommendation. ***See id.*** at 4. The court's order provided that the parties could file exceptions to the recommendation within 20 days of mailing of the order. ***Id.***

On September 1, 2023, counsel for Father entered his appearance and filed exceptions to the recommendation of the hearing officer. The court ordered a briefing schedule on the exceptions. ***See*** Order, 9/26/23. Following the filing of Father's brief and oral argument on Father's exceptions, the trial court denied the exceptions on December 14, 2023. This appeal followed.

Father raises the following issues:

> 1. Did the court err in not considering all the factors set forth in the Pennsylvania Rules of Civil Procedure for imputing earning capacity and based the decision primarily on the amount [Father] earned at his last place of employment[?]

2. Did the court err in not finding that [Mother] had failed to carry her burden of proof in imputing income to [Father] based on his earning capacity[?]

3. Did the court err in finding that a convicted felon with a long criminal history, who did not graduate high school, who had no long-term job history, had no professional license, was and still is a drug addict had an earning capacity of $800 per week[?]

Father's Br. at 3 (suggested answers omitted).

We address Father's three issues together, as they all challenge the court's support order. We review a child support order for an abuse of discretion. **Silver v. Pinskey**, 981 A.2d 284, 291 (Pa.Super. 2009) (*en banc*).

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; [rather,] if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias[,] or ill will, discretion has been abused.

**Brickus v. Dent**, 5 A.3d 1281, 1284 (Pa.Super. 2010) (citation omitted).

Further, this Court

> must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and[,] thus[,] viewed the witnesses first hand.
>
> When the trial court sits as fact[-]finder, the weight to be assigned the testimony of the witnesses is within its exclusive province, as are credibility determinations, and

the court is free to choose to believe all, part, or none of the evidence presented. This Court is not free to usurp the trial court's duty as the finder of fact.

*Mackay v. Mackay*, 984 A.2d 529, 533 (Pa.Super. 2009) (internal citations and quotation marks omitted). Finally, "the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests." *T.M.W. v. N.J.W.*, 227 A.3d 940, 944 (Pa.Super. 2020) (citation omitted).

Father argues that the court failed to consider all the factors enumerated in Pennsylvania Rule of Civil Procedure 1910.16-2(d)(4)(ii) when it determined his earning capacity. Father's Br. at 8, 11-13. He maintains that he was unemployed at the time of the hearing and the court improperly focused on his pay at his last place of employment at the Borough of Norristown when determining his earning capacity. *Id.* at 5, 13-14. He argues that his pay stubs indicated that he only worked there for approximately six weeks in the entire calendar year of 2022. *Id.* He asserts that while the court considered his age, criminal history, and drug addiction, it failed to consider his physical and mental health or his training. *Id.* at 14.

Father further argues that the court erroneously found that he had a CDL license at the time of the hearing. *Id.* at 18. He maintains he did not have a CDL license. *Id.* Father also asserts that there was nothing in the record indicating why he was fired from his place of employment. *Id.* at 7. According to Father, there was insufficient evidence to establish his earning capacity "[b]ased upon the fact that [he] was a convicted felon with a long criminal

history who did not graduate high school, who had no long-term job history, who had no professional license, and who was and still is a drug addict[.]" ***Id.*** at 8. He therefore concludes that Mother failed to carry her burden of proof to determine his earning capacity. ***Id.***

"[A] person's support obligation is determined primarily by the parties' actual financial resources and their earning capacity." ***Woskob v. Woskob***, 843 A.2d 1247, 1251 (Pa.Super. 2004). Where there is a divergence between a person's actual earnings and his earning capacity, "the obligation is determined more by earning capacity than actual earnings." ***Id.*** "Earning capacity is defined as the amount that a person realistically could earn under the circumstances, considering his age, health, mental and physical condition, training, and earnings history." ***Id.*** Rule 1910.16-2(d)(4)(ii) requires that the trier-of-fact consider the following factors in determining earning capacity:

      (A) child care responsibilities and expenses;

      (B) assets;

      (C) residence;

      (D) employment and earnings history;

      (E) job skills;

      (F) educational attainment;

      (G) literacy;

      (H) age;

      (I) health;

      (J) criminal record and other employment barriers;

      (K) record of seeking work;

(L) local job market, including the availability of employers who are willing to hire the party;

(M) local community prevailing earnings level; and

(N) other relevant factors.

Pa.R.C.P. 1910.16-2(d)(4)(ii). "When a party willfully fails to obtain or maintain appropriate employment, the trier-of-fact may impute to the party an income equal to the party's earning capacity." Pa.R.C.P. 1910.16-2(d)(4)(i). Further, "[t]he trier-of-fact shall not downwardly adjust a party's net income if the trier-of-fact finds that . . . the party voluntarily assumed a lower paying job, quit a job, left employment, changed occupations, changed employment status to pursue an education, or employment is terminated due to willful misconduct." Pa.R.C.P. 1910.16-2(d)(1)(ii).

Here, after a hearing in which Mother testified and Father's pay stubs and 2022 W-2 were introduced, the hearing officer assigned Father an earning capacity of $21.26 per hour. The hearing officer considered Father's employment history, age, criminal record, past incarceration, and possession of transportation. Father failed to appear at the hearing and did not present any evidence.[1]

_____

[1] To the extent Father argues that he did not receive notice of the hearing, this issue is waived. Although Father claimed lack of notice of the hearing in one of his exceptions to the recommendation of the hearing officer, he failed to raise the issue in his Rule 1925(b) statement or in his statement of questions involved. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating issues not included in the Rule 1925(b) statement are waived); Pa.R.A.P. 2116(a) (stating "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"). Father also failed to raise this issue at oral argument on his exceptions before the trial court.

The court did not abuse its discretion. Although Father claimed he was unable to work because he was a convicted felon, did not graduate from high school, had no long-term job history, and had no professional license, no evidence of this was presented to the hearing officer. Father does not dispute he failed to present any testimony or evidence to counter Mother's claims or the documentation presented at the hearing. The support hearing officer properly weighed the appropriate factors under Rule 1910.16-2(d)(4)(ii) when she established an earning capacity for Father. The court did not err in denying Father's exceptions and issuing its support order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/25/2024